Mary Latimer *v.* Unemployment Compensation Board of Review of the Commonwealth of Pennsylvania. Mary Latimer, Appellant.

Argued October 29, 1976, before Judges WILKINSON, JR., ROGERS and BLATT, sitting as a panel of three.

*Louise A. Howells,* for appellant.

*Daniel R. Schuckers,* Assistant Attorney General, with him *Sydney Reuben,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE ROGERS, December 6, 1976:

This is an appeal from the Unemployment Compensation Board of Review's order denying appellant, Mary Latimer, benefits under a Federal program to supplement State benefits instituted by Title II of the Emergency Jobs and Unemployment Assistance Act of 1974, 26 U.S.C. §3304 note (hereinafter referred to as SUA).[1]

Appellant was employed as an agricultural worker from August of 1973 to August of 1974. She was next employed as an office worker for the First National Bank of Erie for a six week period falling roughly between August 23, 1974 and October 7, 1974. Appellant was last employed by the General Electric Company at intervals between December 9, 1974 and February 14, 1975.[2] Appellant became eligible for $74.00 per week benefits under the SUA program on January 12, 1975 due to her prior employment as an agricultural worker. At this time, however, appellant was not qualified to receive Pennsylvania benefits for any employment previously mentioned.[3] By notice dated

---

[1] "SUA" stands for "Special Unemployment Assistance Program."

[2] There is some confusion in the record but apparently appellant was laid off on January 10, 1975 and reengaged on February 10, 1975 with final separation coming four days later on February 14, 1975.

[3] This ineligibility was determined under the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §751 et seq.

May 27, 1975, the Bureau of Employment Security held the appellant ineligible to receive further SUA benefits as of April 6, 1975 since on this date she became eligible for compensation under Pennsylvania law of $20.00 per week.[4] The referee affirmed the Bureau on the ground of Section 203(a)(1)[5] of SUA which provides, *inter alia*, that:

(a) An individual shall be eligible to receive a payment of assistance or waiting period credit with respect to a week of unemployment occurring during and subsequent to a special unemployment assistance period in accordance with the provisions of this title if—

(1) the individual is not eligible for compensation under any State or Federal unemployment compensation law (including the Railroad Unemployment Insurance Act (45 U.S.C. 351 et seq.)) with respect to such week of unemployment. . . .

The Unemployment Compensation Board of Review affirmed and this appeal followed. We agree with the Board and affirm.

Our scope of review in unemployment compensation cases is limited to questions of law and a determination of whether the findings of the Board are supported by substantial evidence. *Dunkle v. Unemployment Compensation Board of Review,* 15 Pa. Commonwealth Ct. 495, 327 A.2d 409 (1974). Since the facts of this case are not in dispute, our inquiry will be directed solely to whether the Board erred as a matter of law in its interpretation of SUA.

The appellant initially says that the intention of Congress in enacting unemployment compensation

---

[4] The Bureau incorrectly premised its determination on Section 402(c) of the Unemployment Compensation Law, 43 P.S. §802(c). This error was later corrected in referee's affirmance.

[5] The referee's decision refers to "Section 303(a)(1)." This is a typograhical error since there is no such section in the Act.

legislation is to provide an adequate substitute for wages, and that the Board's interpretation of Section 203(a)(1) of SUA disregards that intention because the granting of Pennsylvania unemployment benefits in the amount of $20.00 per week, and the denial of SUA benefits in the amount of $74.00 per week, provides the appellant with an inadequate substitute for wages. While acknowledging that Congress's intent is as stated, we must nevertheless give effect to clear statutory language. Plainly, Section 203(a)(1) dictates termination of SUA benefits if and when an unemployed claimant becomes eligible for state unemployment compensation without reference to the amount of state compensation. The import of Section 203(a)(1) is echoed by Section 201 of SUA which provides that:

It is the purpose of this title to establish a temporary Federal program of special unemployment assistance for workers who are unemployed during a period of aggravated unemployment and *who are not otherwise eligible for unemployment allowances under any other law.* (Emphasis added.)

The appellant next says that to read Sections 201 and 203(a)(1) to mean that eligibility under state law precludes eligibility under SUA creates an inherent conflict within the language of said Act. For this proposition the appellant directs our attention to the proviso that follows the previously quoted language of Section 203(a)(1):[6]

*Provided,* That the individual meets the qualifying employment and wage requirements of the applicable State unemployment compensation law in a base year which, notwithstanding the State

---

[6] Section 205(a) of SUA, which is concerned with a determination of weekly benefits, contains a similar proviso.

law, shall be the fifty-two-week period preceding the first week with respect to which the individual: (1) files a claim for assistance or waiting period credit under this title; (2) is totally or partially unemployed; and (3) meets such qualifying unemployment and wage requirements; and for the purpose of this proviso employment and wages which are not covered by the State law shall be treated as though they were covered, except that employment and wages covered *by any State or Federal unemployment compensation law, including the Railroad Unemployment Insurance Act (45 U.S.C. 351 et seq.), shall be excluded to the extent that the individual is or was entitled to compensation for unemployment thereunder on the basis of such employment and wages.* . . . (Emphasis added.)

The appellant says that the use of the word "is" in the above emphasized language means that employment and wages producing *present* state unemployment benefits are to be excluded in calculating co-existing SUA benefits for the *same* period of unemployment. This is a misconstruction of the language. The SUA program basically covers "employment and wages" which do not qualify for state unemployment compensation benefits.[7] The proviso of Section 203 (a)(1) says only that a claimant must fulfill wage and employment requirements to be eligible for federal benefits.[8] Thus in determining whether a claim-

---

[7] *See* Section 201 of SUA. In the case at bar, the appellant was an "agricultural" worker for one year. Section 4(1)(4) of the Pennsylvania Unemployment Compensation Law, 43 P.S. §753(1)(4), excludes said employment from coverage. Additionally, appellant's subsequent employment failed to qualify for Pennsylvania benefits as of the date SUA benefits were granted (January 12, 1975) because said employment did not, as of that date, meet the requisite Pennsylvania base year earnings requirements.

[8] *See generally* Section 401(a) of the Unemployment Compensation Law, 43 P.S. §801(a) as to Pennsylvania requirements for

ant has satisfied these requirements in the base year defined within the proviso of Section 203(a)(1), which for our purpose is the fifty-two-week period preceding the first week after filing of application for SUA benefits, employment and wages *not covered* by the state—*i.e.*, agricultural work—*plus* employment *covered* by the state but not eligible for state unemployment benefits are included in the base year earnings calculations.[9] Excluded from this computation are *covered* employment and wages which gave rise to state unemployment benefits for *past* periods of unemployment and to which a claimant *is* or was entitled. This interpretation of Section 203(a)(1)'s proviso renders it consistent with all other provisions of SUA. The appellant's interpretation is inconsistent with clear congressional intent, expressed not only in Sections 201 and 203(a)(1) of SUA but also in the Congressional House Report[10] accompanying the Act, which states that a claimant must be totally ineligible for any state benefits for a period of unemployment in order that SUA benefits may be collected for that same period.

The appellant next says that assuming that her interpretation of SUA just outlined is rejected, we must nevertheless find her to be ineligible for Pennsylvania benefits and thus qualified for SUA benefits. Two arguments are made to support this position: first, she says that having qualified for SUA benefits on January 12, 1975 and having been determined to be ineligible for Pennsylvania benefits due to her failure

---

"earnings" within a base year. The base year fixed by Pennsylvania Section 4(a)(1), 43 P.S. §753(a)(1) does not govern the calculation of SUA benefits which are fixed by Sections 203(a)(1) and 205 of SUA.

9 *See* 40 Fed. Reg. 5502, 5504 (1975) (to be codified in 20 C.F.R. §619.1, §619.4(b)).

10 H. R. Rep. No. 93-1528, 93rd Cong. 2d Sess. (1974).

to meet certain wage requirements[11] within the base year defined by Pennsylvania law,[12] the base year defined within the proviso of Section 203(a)(1) of SUA was effective and the Bureau of Employment Security was thereafter precluded from redetermining, as of April 6, 1975, the appellant's eligibility for Pennsylvania benefits using the Pennsylvania base year. This argument is totally devoid of merit. Under Section 203(a)(1) of SUA a claimant is eligible for federal benefits if he is "not eligible for compensation under any state . . . unemployment law . . . *with respect to such weeks of unemployment.*" (Emphasis added.) This provision requires the Bureau of Employment Security to test on a weekly basis for regular Pennsylvania unemployment compensation benefits. The base year as defined by the proviso of Section 203(a)(1) is used only to determine initially whether the wage and employment requirements for SUA benefits have been met. The other two requirements for SUA eligibility—that a claimant be unemployed and *ineligible for state benefits*—must be present throughout the SUA benefit period.

---

[11] Section 401(a), 43 P.S. §801(a), provides:

"Compensation shall be payable to any employe who is or becomes unemployed, and who—

"(a) Has, within his base year been paid wages for employment as required by section 404(c) of this act: Provided, however, That (1) not less than twenty per centum (20%) of the employe's total base year wages have been paid in one or more quarters, other than the highest quarter in such employe's base year, and (2) an employee whose base year wages are less than six hundred dollars ($600.00) shall not be eligible under the provisions of this subsection unless such wages were earned during eighteen (18) different weeks within such base year, which weeks need not be consecutive."

[12] Section 4(a)(1), 43 P.S. §753, provides:

" 'Base year' means the first four of the last five completed calendar quarters immediately preceding the first day of an individual's benefit year."

Appellant's second argument in support of her claimed ineligibility for Pennsylvania benefits is premised on Section 402(c) of the Pennsylvania Unemployment Compensation Law, 43 P.S. §802(c), which states:

> An employe shall be ineligible for compensation for any week—
>
> (c) With respect to which or a part of which he has received or is seeking unemployment benefits under an unemployment compensation law of any other state or of the United States. . . .

Her apparent position is that since she was once eligible for SUA benefits she must, under the above provision, be thereafter ineligible for Pennsylvania benefits. Section 402(c)'s purpose is to prevent a claimant from receiving unemployment benefits under Pennsylvania law while receiving or trying to collect duplicate benefits under other state or federal unemployment laws. Furthermore, Section 402(c) additionally provides:

> . . . that if the appropriate agency of such other state or of the United States finally determines that he is not entitled to such unemployment benefits, the disqualification shall not apply.

The possibility of double benefits in the instant case does not exist since a claimant, according to Sections 201 and 203(a)(1) of SUA, may be eligible for either Pennsylvania benefits or SUA benefits but not both.

Accordingly, we enter the following

### ORDER

AND Now, this 6th day of December, 1976, it is Ordered that the appeal of Mary Latimer be and is hereby dismissed and that the decision of the Unemployment Compensation Board of Review be and is hereby affirmed.