Kenneth Mark Steinberg, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued February 3, 1978, before Judges ROGERS, BLATT and DiSALLE, sitting as a panel of three.

*Kenneth M. Steinberg,* petitioner, for himself.

*Charles G. Hasson,* Assistant Attorney General, with him *Robert P. Kane,* Attorney General, for respondent.

OPINION BY JUDGE ROGERS, March 21, 1978:

Kenneth Steinberg has appealed from an order of the Unemployment Compensation Board of Review (Board) affirming a referee's decision which denied the appellant benefits under Title II of the Emergency Jobs and Unemployment Assistance Act of 1974[1] (hereinafter referred to as SUA). The referee held that Steinberg was not entitled to SUA benefits because he was eligible for compensation under the Un-

---

[1] Set out as a note to 26 U.S.C. §3304.

employment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §751 et seq.

Steinberg was employed by Gordon's Furniture Company from February 1971 to April of 1975. He terminated his position with Gordon's to take a job at a higher salary with the Allegheny County Court of Common Pleas. He worked for Allegheny County from May of 1975 until March 6, 1976 when his position was eliminated by the County for lack of funds. Steinberg then filed a timely application for both Pennsylvania Unemployment Compensation and SUA benefits.

In the base year applicable to Steinberg's case—October 1974 through September 1975—he had worked at least a full quarter for each Gordon and Allegheny County. Because service for a political subdivision of the state is not covered employment under Section 4 of the Unemployment Compensation Law,[2] the Bureau determined Steinberg's highest quarterly wages on the basis of his salary at Gordon's and awarded compensation at the rate of $62 per week. Steinberg appealed to the Board and argued that he was entitled to the higher SUA benefit rate ($99 per week) because he was ineligible for Unemployment Compensation due to the fact that he had not left his covered employment at Gordon's for a "cause of necessitous and compelling nature" as required by Section 402 (b)(1) of the Unemployment Compensation Law.[3] After a hearing, a referee affirmed the Bureau, finding that Steinberg was eligible for Pennsylvania compensation and therefore that he was ineligible for SUA benefits.

[2] 43 P.S. §753(1)(4)(7).

[3] 43 P.S. §802(b)(1).

The Board affirmed the referee without taking further testimony, and we now affirm the Board.

The Federal SUA program is intended to provide special unemployment assistance to employees not eligible for unemployment compensation under any other Federal or State law. In fact, ineligibility under any other Federal or State programs is an express prerequisite to eligibility for SUA benefits. Section 203(a)(1) of Title II of the Emergency Jobs and Unemployment Assistance Act of 1974; *Latimer v. Unemployment Compensation Board of Review,* 27 Pa. Commonwealth Ct. 348, 367 A.2d 342 (1976). Steinberg contends that he is eligible for SUA benefits because he made himself ineligible for Pennsylvania compensation by leaving his employment at Gordon's without a cause of a necessitous and compelling nature. We believe Steinberg's argument is without merit for two reasons.

First, the record shows that Steinberg left his employment at Gordon's because of a definite offer of work at higher pay with Allegheny County. Although the mere possibility of obtaining another job is insufficient to establish that employment was terminated for good cause, *Eckenrod v. Unemployment Compensation Board of Review,* 15 Pa. Commonwealth Ct. 166, 325 A.2d 320 (1974), the receipt and acceptance of a firm offer of employment does constitute termination for cause of a necessitous and compelling nature. *Unemployment Compensation Board of Review v. Pennsylvania Power & Light Co.,* 23 Pa. Commonwealth Ct. 220, 351 A.2d 698 (1976).

Second, even if Steinberg had disqualified himself from receiving Pennsylvania benefits by an improper voluntary quit, his ineligibility was "cured" by his subsequent employment with Allegheny County. Section 401 of the Unemployment Compensation Law provides in pertinent part that

[c]ompensation shall be payable to any employe who is or becomes unemployed, and who—

. . . .

(f) Has earned, subsequent to his separation from work under circumstances which are disqualifying under the provisions of subsections 402(b), 402(e) and 402(h) of this act, remuneration for services in an amount equal or in excess of six (6) times his weekly benefit rate *irrespective of whether or not such services were in 'employment' as defined in this act.* (Emphasis added.)

43 P.S. §801(f).

Thus, by earning a salary from Allegheny County for almost a year after his allegedly disqualifying termination from Gordon's, Steinberg regained his eligibility for Pennsylvania unemployment compensation. *See Miller v. Unemployment Compensation Board of Review,* 29 Pa. Commonwealth Ct. 541, 372 A.2d 35 (1977). As the segment of Section 401 emphasized above makes clear, the fact that Steinberg's work for the County was not covered employment is irrelevant. Steinberg is therefore clearly eligible for Pennsylvania unemployment compensation and is consequently ineligible for SUA benefits. *Latimer v. Unemployment Compensation Board of Review, supra.*

Accordingly, we enter the following

### Order

And Now, this 21st day of March, 1978, it is ordered that the order of the Unemployment Compensation Board of Review dated October 12, 1976 be and it is hereby affirmed.