Peter Baumann, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued March 2, 1978, before Judges CRUMLISH, JR., ROGERS and DISALLE, sitting as a panel of three.

*C. Daniel Higgins,* for appellant.

*Michael Klein,* Assistant Attorney General, with him *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE ROGERS, April 4, 1978:

The greatly increased number of applications for unemployment compensation benefits caused by the stringency of the times made it inevitable that we would be presented with two appeals from two orders of the Unemployment Compensation Board of Review arising out of a single employment termination. This is such a case.

The bare facts are that Peter Baumann, a custodial worker, returned to his job after a two and one-half week absence caused by nerve troubles. He worked for two and one-half hours before leaving his work and his place of employment, asserting that he was being harassed by a supervisor. On the day following, he returned to his place of employment with a note written by his physician stating that Baumann was suffering from anxiety neurosis and recommending that he take time off from work. His employer seems then to have discharged him.

Baumann applied for unemployment compensation benefits for the week ending June 5, 1976. The Bureau of Employment Security, a referee and the Board of Review each decided that Baumann was guilty of willful misconduct and was therefore ineligible for benefits pursuant to Section 402(e) of the Unemployment Compensation Law.[1] Baumann has appealed the

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).

Board of Review's decision and that case is our No. 415 C.D. 1977.

While the case just described was pending before the unemployment compensation authorities, Baumann filed a claim for benefits for the weeks ending July 31, August 7, August 14 and August 21, 1976. The Bureau of Employment Security, apparently unaware of the earlier claim, found Baumann to be eligible. Baumann's employer appealed this determination and the same referee who heard the earlier case, but who seems not to have remembered it, concluded that Baumann was ineligible for benefits because he had voluntarily terminated his employment without cause of a necessitous and compelling nature pursuant to Section 402(b)(1), 43 P.S. §802(b)(1). The referee on this occasion seems to have concluded that Baumann was not discharged, that he was given a leave of absence and that he quit without cause some months later when his doctor released him as well and he failed to report to his employer for work. The Board of Review affirmed the referee's decision. Baumann again appealed and that case is our No. 1155 C.D. 1977.

Hence, the two appeals while presenting the identical result, that of a declaration of ineligibility, do so on inconsistent theories on substantially the same facts. If, as the first case decides, Baumann was ineligible for benefits because he was discharged from his employment for his willful misconduct, it could not be logically decided, as it was in the second case, that he voluntarily quit his employment without good cause by not going back to work some months later.

Baumann says that the first decision was wrong because he walked off the job because of his illness and was not guilty of willful misconduct, and that the second decision was wrong because it would have made no sense for him to have reported for a job from which he had been discharged.

Since it is not our function to find facts or decide unemployment compensation cases in the first instance, we will remand these cases to the Board for a definitive resolution of Peter Baumann's unemployment compensation claim.

### ORDER

AND Now, this 4th day of April, 1978, the records in the appeals in these matters are remanded to the Unemployment Compensation Board of Review for action consistent with this Opinion.