Union Bank & Trust Co., Erie, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review and Marian G. Wood, Respondents.

138

Argued September 11, 1978, before Judges WIL-
KINSON, JR., ROGERS and CRAIG, sitting as a panel of
three.

*Stanley G. Berlin,* with him *Plate, Doyle, Hutzel-
man and Berlin,* for appellant.

*Bernadette Duncan,* Assistant Attorney General,
with her *Gerald Gornish,* Attorney General, for ap-
pellee.

OPINION BY JUDGE WILKINSON, JR., October 16,
1978:

Petitioner has appealed to this Court from a deci-
sion of the Unemployment Compensation Board of Re-
view (Board) awarding compensation to one of its
former employees. We affirm.

Marian Wood (claimant) was employed by peti-
tioner as a bank file clerk for a period of almost three
and one-half years. Claimant voluntarily terminated
her employment on April 2, 1976, having given peti-
tioner four weeks' notice of her intent to resign. The
Board awarded compensation to claimant on two
grounds.

First, the referee found that claimant terminated her employment for physical reasons on the advice of her physician. In this regard, the claimant testified that she suffered from acute arthritis and was advised by her physician to move to a warmer climate. Claimant did in fact move to Texas upon the termination of her employment with petitioner. Claimant could not produce a doctor's certificate to substantiate her testimony, apparently because her doctor refused to sign a statement due to a dispute over a bill. In addition, petitioner's counsel raised a timely objection to claimant testifying as to what her doctor told her. Nevertheless, the employer representative testified she knew claimant had arthritis.

Second, the referee found that claimant had a definite job offer in Texas when she left the petitioner's employ. The record demonstrates that prior to terminating her employment claimant visited her son in Texas, who assured claimant that there would be a job waiting for her at his company. Upon moving to Texas claimant discovered that her son's company was in serious financial trouble. This trouble allegedly arose due to massive governmental layoffs of individuals upon whom her son's business was dependent. Claimant remained in Texas for about two and one-half months, during which time she worked for her son without compensation while helping him close out his business permanently. Claimant then returned to Pennsylvania and sought unemployment benefits.

Essentially the Board contends that there are two independent grounds upon which to base a finding that claimant had necessitous and compelling reasons for terminating her employment. We agree that a major reason for claimant's termination of her employment was due to her receipt and acceptance of a firm offer of employment, and that this furnishes the requisite necessitous and compelling reason for her

voluntary termination. *Steinberg v. Unemployment Compensation Board of Review*, 34 Pa. Commonwealth Ct. 294, 383 A.2d 1284 (1978). This is not a situation where the claimant left her employment on the mere possibility of obtaining another job in Texas. *See Eckenrod v. Unemployment Compensation Board of Review*, 15 Pa. Commonwealth Ct. 166, 325 A.2d 320 (1974). We do not believe that claimant's allegations of physical problems in any way detracts from the merits of the contention outlined above. To the contrary, each constitutes a separate basis for concluding that claimant had a necessitous and compelling reason for terminating his or her employment.

Since we have held that claimant terminated her employment due to her receipt and acceptance of a firm offer of employment in Texas, we need not decide whether claimant's physical problems alone constituted a necessitous and compelling reason for her voluntary termination.

Accordingly, we will enter the following

ORDER

AND Now, October 16, 1978, the decision of the Unemployment Compensation Board of Review, No. B-142262, dated March 18, 1977, is affirmed.