Martin Salmon, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued December 7, 1978, before Judges WILKINSON, JR., ROGERS and MACPHAIL, sitting as a panel of three.

*Martin Salmon*, petitioner, for himself.

*John T. Kupchinsky*, Assistant Attorney General, with him *Gerald Gornish*, Acting Attorney General, for respondent.

OPINION BY JUDGE ROGERS, February 8, 1979:

Section 201 of Title II of the Emergency Jobs and Unemployment Assistance Act of 1974, 26 U.S.C. §3304 (note) (known as SUA) says that the purpose of that enactment is to establish temporary Federal unemployment assistance for unemployed workers "who are not otherwise eligible for unemployment allowances under any other law," and Section 203(a)(1) of the same Act provides that SUA assistance is available only if "the individual is not eligible for compensation under any State . . . unemployment compensation law." In *Latimer v. Unemployment Compensation Board of Review*, 27 Pa. Commonwealth Ct. 348, 367 A.2d 342 (1976), we held that the fact that

SUA benefits are greater than those provided by the Pennsylvania Unemployment Compensation Law[1] did not render the claimant eligible for SUA benefits because Sections 201 and 203(a)(1) of SUA say that SUA benefits are not available if State benefits are available. *See also Steinberg v. Unemployment Compensation Board of Review,* 34 Pa. Commonwealth Ct. 294, 383 A.2d 1284 (1978).

Martin Salmon, the appellant in this case, applied for State benefits upon being laid off from his job with a township. If his job with the township had been the only employment under consideration he would have been ineligible for State benefits and would have been eligible under SUA. He had, however, engaged in part-time work while working for the township, which work the Bureau of Employment Security determined, by applying the so-called moveable base year formula of Section 4(a)(2) of the Pennsylvania Unemployment Compensation Law, 43 P.S. §753(a)(2), made him eligible for State benefits and therefore ineligible for SUA benefits. The Board of Review upheld the Bureau's determination. The appellant has appealed contending that he could only be eligible under State law by application of Section 4(a)(2), which provides that a claimant "may elect to have his base year consist of" his moveable base year, and that since he made no such election he was ineligible for State benefits and therefore eligible for SUA benefits. We disagree. While the claimant may, by refusing to elect to use the moveable base year of Section 4(a)(2), place himself in the position of not obtaining benefits, he remains eligible for State benefits, and for this reason ineligible for SUA. We recognize, as does the Board now, that it and its referee mis-

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §751 et seq.

takenly found as a fact that the appellant expressly elected to have his eligibility determined by the moveable base year formula. Since, as we have concluded, a finding that the election was not made is not necessary to support the Board's adjudication, the error was harmless. Administrative Agency Law, 2 Pa. C.S. §704.[2]

Order affirmed.

ORDER

AND Now, this 8th day of February, 1979, the decision of the Unemployment Compensation Board of Review made June 3, 1977 is affirmed.

---

[2] 2 Pa. C.S. §704 can presently be found in 42 Pa. C.S.A., 1978 Pamphlet-Part II, p. 11.