**Albertha L. WHITTLEY, Petitioner,**

v.

**DISTRICT OF COLUMBIA DEPARTMENT OF EMPLOYMENT SERVICES, Respondent.**

No. 83–1057.

District of Columbia Court of Appeals.

Submitted June 7, 1984.

Decided July 12, 1984.

Albertha L. Whittley, pro se.

N. Denise Wilson-Taylor, Washington, D.C., for respondent.

Before NEBEKER and TERRY, Associate Judges, and YEAGLEY, Associate Judge, Retired.

PER CURIAM:

Petitioner requests reimbursement for her seven week partial disqualification from unemployment benefits, and challenges the subsequent denial of Federal Supplemental Compensation (FSC)[1] benefits. FSC eligibility is dependent upon ex-

1. *See* Note following 26 U.S.C. § 3304 at § 601 *et seq.* (1982). The FSC program provides for six or eight weeks of additional benefits, in particular circumstances, beyond those provided by the individual states.

haustion of state entitlements and is tied to the state unemployment law. The nub of petitioner's claim is that after her initial disqualification by the District, denial of FSC benefits resulted in a double penalty. We affirm.

Petitioner voluntarily left her employment in the District to care for her infirm mother. Though understandable, she did not thereby have good cause for leaving her work, and she was appropriately assessed a seven week disqualification from benefits. D.C.Code § 46–111(a) (1981); *see Hockaday v. D.C. Department of Employment Services,* 443 A.2d 8 (1982). Petitioner did not challenge this determination, but instead claimed that she was entitled to reimbursement under the FSC program for those forfeited benefits. We disagree.

 Under the FSC law, the terms and conditions of the state's law apply to claims for these supplemental benefits. *See* Note following 26 U.S.C. § 3304 at § 602(d)(2). Therefore, petitioner who was partially disqualified under District law is disqualified and statutorily ineligible to receive FSC benefits. *See* D.C.Code § 46–108(g)(8)(G) (Supp.1983); *cf. Steinberg v. Board of Review,* 34 Pa.Cmwlth. 294, 383 A.2d 1284 (1978). The FSC disqualification may only be purged by at least four consecutive weeks of employment subsequent to the filing of her initial District claim. D.C. Code § 46–108(g)(8)(G). Petitioner does not now claim that she has been reemployed. Accordingly, the order appealed from is

*Affirmed.*