Catherine R. Pataki, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Catherine R. Pataki, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs September 12, 1984, before Judges ROGERS, BARRY and BARBIERI, sitting as a panel of three.

*Rabe F. Marsh III*, for petitioner.

*Charles G. Hasson*, Acting Chief Counsel, with him, *Richard L. Cole, Jr.*, Chief Counsel, for respondent.

OPINION BY JUDGE ROGERS, October 25, 1984:

This unemployment compensation case began in 1975; its resolution requires us to consider portions of the Pennsylvania Unemployment Compensation Law (Law) since repealed and a Federal program since discontinued.

In the early months of 1975, the claimant had two jobs. She worked as a cleaning person for a janitorial enterprise owned by one Bunting and she drove a school bus for the Hempfield Area School District. She voluntarily quit the cleaning job to attend to her four minor children. She was laid off from the school bus driving work when the school session ended. She applied for unemployment compensation with regard to both jobs on June 8, 1975.

To avoid confusion, we will use the word "eligible" to describe persons whose work and earnings entitle them to receive unemployment compensation and the word "ineligible" to describe persons whose work and earnings do not entitle them to unemployment compensation. Workers in the field of unemployment compensation sometimes call the concepts "financial eligibility" or "financial ineligibility." We will use

the word "qualified" to describe persons who, being eligible, will receive compensation because their separations from their employments were under circumstances which the Law does not declare to be disqualifying and the word "disqualified" to describe persons who, although eligible, will not receive compensation because the circumstances of their separations are disqualifying under the Law. We provide this small lexicon because both the State and Federal statutes use the words "eligible" and "qualified" and their antonyms interchangeably to describe the status both of persons who are eligible because work and earnings entitle them to compensation and for persons who, being eligible, are not disqualified by the circumstances of their separations from employment.

On June 8, 1975, the Pennsylvania Unemployment Compensation Law was as follows:

Section 402(b)(2) of the Pennsylvania Unemployment Compensation Law, 43 P.S. §802(b)(2), since repealed, provided that an employe should be disqualified from receiving compensation for any week in which his or her unemployment was due to leaving work because of filial or other domestic obligations.

Section 402(b)(4)(7), of the Law, 43 P.S. §753(1)(4)(7), since deleted, provided that service performed for a political subdivision was not "employment" for purpose of the Law, thus rendering such persons ineligible for compensation.

The Bureau, now Office, of Employment Security found that the claimant was eligible for and not disqualified from receiving compensation on account of her services as a cleaning person, awarding her $25 per week. The employer appealed and the referee, whose decision the Board of Review affirmed, held that the claimant although eligible was disqualified under Section 402(b)(4)(7) because she had left her work for filial or domestic reasons. This is one of the

appeals presently before us (to 1225 C.D. 1978) under the Pennsylvania Unemployment Compensation Law as it was in 1975; and we will affirm the Board of Review's order.

As we have seen, the claimant's services for the school district were not, in June 1975, "employment" for unemployment compensation purposes. The Form UC44-Notice of Financial Determination issued by the Office of Employment Security reported her as financially eligible for Pennsylvania unemployment benefits on account of her employment as a cleaning person only. The claimant appeals this decision stating as her reason: "I would prefer a SUA claim being I drove school bus for 5 years averaging 30+ hours a week—my job with Bunting was only a part-time (20 hrs. a week) supplement . . ." SUA is the acronym for a temporary program of Special Unemployment Assistance instituted by the United States by Title II of the Emergency Unemployment Compensation Act of 1974, 26 U.S.C. §3304 note.

The Office of Employment Security determined with respect to the school district work that the claimant was not entitled to SUA benefits because only persons not eligible for compensation under any other law were entitled to the SUA benefits and that the claimant was eligible for compensation under Pennsylvania law based on her employment as a cleaning person. A referee and the Board upheld this decision and this appeal (1126 C.D. 1978) followed.

The issue therefore is that of whether one in the claimant's stead—separated under disqualifying circumstances from an employment with respect to which she was eligible for compensation and separated under qualifying circumstances from an employment with respect to which she was ineligible for compensation— was entitled to SUA benefits. Our two decided cases involving SUA issues are not helpful because in each

the claimant of SUA benefits was both eligible for and qualified to receive State benefits and therefore clearly not entitled to SUA benefits. *Steinberg v. Unemployment Compensation Board of Review*, 34 Pa. Commonwealth Ct. 294, 383 A.2d 1284 (1978); *Latimar v. Unemployment Compensation Board of Review*, 27 Pa. Commonwealth Ct. 348, 367 A.2d 342 (1976).

The decision of this case must be derived from the Act of Congress instituting SUA, which pertinently read:

## PART A—SPECIAL UNEMPLOYMENT ASSISTANCE

### STATEMENT OF PURPOSE

Sec. 201. It is the purpose of this part to establish a temporary Federal program of special unemployment assistance for workers who are unemployed during a period of aggravated unemployment and who are not otherwise eligible for unemployment allowances under any other law.

. . . .

### ELIGIBLE INDIVIDUALS

Sec. 203. (a) An individual shall be eligible to receive a payment of assistance or wait-period credit with respect to a week of unemployment occurring during and subsequent to a special unemployment assistance period in accordance with the provisions of this part if—

(1) the individual is not eligible for compensation under any State or Federal unemployment compensation law . . . with respect to such week of unemployment, and is not receiving compensation with respect to such week of unemployment under the unemployment compensation law of Canada . . . Provided, that the

individual meets the qualifying employment and wage requirements of the applicable State unemployment compensation law in the base period; and for purposes of this proviso, employment and wages which are not covered by the State law shall be treated as though they were covered. . . .

We believe that Congress in writing that SUA should be available to workers "not otherwise eligible for allowance under any other law" and that an individual "shall be eligible . . . if . . . [he] . . . is not eligible for compensation under any State or Federal unemployment compensation law" used the word "eligible" as we have defined it for purposes of this opinion; that is, as denoting one whose work and pay history is such that he is otherwise covered for unemployment compensation. We further believe that Congress did not use the phrase "not eligible" in the sense of "disqualified," as we have defined the word in this opinion, that is, as denoting one who although financially eligible may not receive compensation by reason of the nature of his separation from his employment. We reach these conclusions based upon: first, the expression in SUA Section 201 of a purpose to assist unemployed persons not otherwise eligible under any other law; second, the distinction made in Section 203(a) between persons *not eligible* for compensation under State or Federal law and those *not receiving* compensation under the law of Canada; and third, the proviso clause of Section 203(a)(1) making the work and pay requirements of State law a requirement for entitlement to Federal assistance. These emphases on financial eligibility for State employment compensation as a bar to the receipt of Federal assistance impel us to conclude that Congress intended to assist only those persons who were entirely without coverage of the State law; that its purposes were to fill the eligi-

bility gaps in other programs and not that of supplementing State laws by providing Federal assistance to those who, eligible for State compensation, were disqualified from receiving it by the nature of their separation from work.

Since the claimant was eligible for compensation under Pennsylvania Unemployment Compensation Law, she was not entitled to assistance under SUA.

The claimant insists that the two orders appealed from are inconsistent; that in the case of her cleaning job she was held to be "ineligible" for having quit her work and in the case of the bus driving job she was held to be "ineligible" to receive SUA because she had been held to be "eligible" on account of the cleaning job. This, she contends, makes one of the two decisions wrong and calls upon us to remand for a definitive resolution of the cases as we did in *Baumann v. Unemployment Compensation Board of Review*, 34 Pa. Commonwealth Ct. 525, 383 A.2d 1305 (1978). Her thesis is ineffective. First, in *Baumann* the claimant filed claims for successive weeks based on one termination of employment. The compensation authorities, believing that they were unrelated cases, decided in one that the claimant was disqualified because he had been discharged for willful misconduct and in the other that he was disqualified as a voluntary quit. This case is entirely different; it concerns two jobs, two separations and indeed two compensation programs. Second, the claimant's argument derives from the lexical error which we first mentioned—the use of the same word for different conditions. The claimant was not held to be ineligible in the cleaning job appeal, she was held to be disqualified by the nature of her separation, a voluntary quit. She was held not to be entitled to SUA in the bus driving job appeal because she was seen to be eligible for State compensation in the cleaning job case.

Using "eligible" and "qualified" and their antonyms as we have earlier defined them, we find that the claimant as the result of her cleaning work was eligible to receive State compensation but disqualified by the nature of her quit; that she was ineligible to receive State compensation on account of her school bus driving because her employer was a political subdivision; and that her SUA claim could nevertheless not be granted because she was eligible for State compensation by reason of her cleaning job.

Orders affirmed.

### ORDER IN 1125 C.D. 1978

AND NOW, this 25th day of October, 1984, the order of the Unemployment Compensation Board of Review in the above-captioned matter is affirmed.

### ORDER IN 1126 C.D. 1978

AND NOW, this 25th day of October 1984, the order of the Unemployment Compensation Board of Review in the above-captioned matter is affirmed.