Velma Richards, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent. Quaker Valley School District, Intervenor.

Argued May 4, 1978, before Judges MENCER, ROGERS and DISALLE, sitting as a panel of three. Reargued February 6, 1979, before President Judge BOWMAN and Judges CRUMLISH, JR., WILKINSON, JR., ROGERS, BLATT, DISALLE and CRAIG. Judges MENCER and MAC-PHAIL did not participate.

*William C. Knapp,* for petitioner.

*Charles G. Hasson,* Assistant Attorney General, with him *Robert P. Kane,* Attorney General, for respondent.

OPINION BY JUDGE BLATT, May 4, 1979:

The appellant, Velma Richards, appeals from an order of the Unemployment Compensation Board of Review which affirmed a referee's determination that she was ineligible for compensation benefits under Section 402(b)(1) of the Unemployment Compensation Law[1] (Act) because she had voluntarily termi-

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(b)(1).

nated her employment without cause of a necessitous and compelling nature.

The appellant had been employed as a school bus driver for the Quaker Valley School District near Sewickley, Pennsylvania, and her husband had a full-time job as a farm hand. His compensation included the use of a house in Sewickley, but his services were involuntarily terminated in January 1976 and they were required to vacate the house provided by his employer. The appellant and her husband then re-settled in a home, which was located in Large, Pennsylvania, approximately 45 miles from Sewickley, the use of which was given to them by a relative. Because of the distance of her new home from the Sewickley area, the appellant voluntarily terminated her employment with the School District, and she subsequently obtained another job as a school-bus driver in the Large area. She was laid off there, however, after only five days because of lack of work, when she then applied for unemployment compensation benefits. She had not yet earned six times her weekly benefit rate while employed by the second employer, so her eligibility for benefits was required to be determined on the basis of her separation from her prior position. *See* Section 4a(f) of the Act, 43 P.S. §401 (f). The referee and the Board both found that she had terminated her employment because the distance was too great for her to commute to her place of employment from her new home in the Large, Pennsylvania area and held that she had not established a cause of necessitous and compelling nature for leaving pursuant to Section 402(b)(2)(I) of the Act,[2] which provides as follows:

[2] This Court has recently held Section 402(b)(2)(II) of the Act, which renders claimants ineligible for compensation who are unemployed "because of marital, filial or other domestic obligations or circumstances," without regard to whether or not it was a

An employe shall be ineligible for compensation for any week—

. . . .

In which his or her unemployment is due to leaving work (I) to accompany or to join his or her spouse in a new locality. . . .

43 P.S. §802(b)(2)(I). This appeal followed.

The appellant maintains that she did not terminate her employment to accompany her husband but rather because she had lost her home in Sewickley and therefore had to travel 45 miles to work, and she claims that this was a necessitous and compelling cause for leaving her work in Sewickley. We believe, however, that it was her choice not to re-establish her home in Sewickley and likewise her choice to leave her work there and to join her spouse and live in a new locality. This, we believe, was clearly disqualifying.

We must therefore affirm the order of the Board denying benefits.

ORDER

AND Now, this 4th day of May, 1979, the order of the Unemployment Compensation Board of Review in the above-captioned matter is hereby affirmed.

---

cause of necessitous and compelling nature, to be unconstitutional. *Wallace v. Unemployment Compensation Board of Review,* 38 Pa. Commonwealth Ct. 342, 393 A.2d 43 (1978). However, the constitutionality of Section 402(b)(2)(I), which governs the appellant's situation, has not been raised here.

---

DISSENTING OPINION BY JUDGE ROGERS:

I respectfully dissent. This Court in *Wallace v. Unemployment Compensation Board of Review,* 38 Pa. Commonwealth Ct. 342, 393 A.2d 43 (1978), held that Section 402(b)(2)(II), rendering persons who are unemployed for marital, filial or other domestic obliga-

tions or circumstances, was unconstitutional as denying such persons due process and equal protection. We said that the section offended the due process clause by creating an unpermissible irrebuttable presumption that such persons did not have a necessitous and compelling reason for quitting and that it violated the equal protection clause because its victims are treated invidiously different from other persons who voluntarily leave their work for other but no more compelling reasons and yet get compensation. Since the same objections would clearly also obtain in the case of a person leaving work to follow his or her spouse, made a ground for disqualification by Section 402(b)(2)(I), the same result should follow and this Section suffer invalidation here.

Further, the record does not, I think, support the conclusion that Mrs. Richards quit her work to follow her husband. It shows rather that she quit because she had lost her home. Prior to January, 1976, Mrs. Richards and her husband lived near Sewickley, Pennsylvania. Mrs. Richards was employed as a school bus driver for $13.70 a day. Her husband had a full-time job as a farm hand. Mr. Richards' compensation included the use of a house. In January, 1976, Mr. Richards was involuntarily terminated from his job and he and Mrs. Richards were required to vacate the house provided by his employer. Mrs. Richards testified that because of the simultaneous loss of their home and the income from Mr. Richards' job, the Richards were forced to resettle approximately 45 miles from Sewickley, near Large, Pennsylvania, in a home the use of which was given them by Mr. Richards' sister. In view of this uncontradicted evidence, it was error to infer that Mrs. Richards quit solely to follow her husband.

Since the Pennsylvania Unemployment Compensation law expressly states that it is the public policy

of the Commonwealth that compensation be paid to persons who become unemployed through no fault of their own, it may be concluded that the Legislature intended compensation to be paid to a claimant who is forced by economics to find a free home an unreasonable commuting distance from her former employment, although she occupies the home with her husband.

I would reverse the Appeal Board and direct that compensation be paid in this case.

Judges CRUMLISH, JR. and DISALLE join in this dissent.