Michelle Tate, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued March 12, 1984, before Judges Rogers, Palladino and Barbieri, sitting as a panel of three.

*Patricia A. O'Connor*, with her, *Robert F. Bensing*, for petitioner.

*Charles Hasson*, Acting Deputy Chief Counsel, with him, *Michael D. Alsher*, Associate Counsel and *Richard L. Cole, Jr.*, Chief Counsel, for respondent.

Opinion by Judge Barbieri, June 19, 1984:

Michelle Tate (Claimant) appeals here from an order of the Unemployment Compensation Board of Review (Board) which found her to be ineligible for unemployment compensation benefits because she terminated her employment without cause of a necessitous and compelling nature. *See* Section 402(b) of the Unemployment Compensation Law (Law).[1] We will remand.

From the record before us it appears that Claimant was employed as a full-time security guard for the Lake Laurie Campground in Cape May, New Jersey from July 2, 1982 until August 28, 1982 when she voluntarily terminated her employment. Claimant then

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(b).

worked as a commission only real estate salesperson for Outdoor World from August 28, 1982 until September 10, 1982 when she left this job to move with her husband to Pottstown, Pennsylvania, where he had a job prospect. Claimant had no earnings while employed at Outdoor World.

When her husband's job prospect did not ripen into an actual job, Claimant and her husband moved to a property they owned in Altoona, Pennsylvania, and Claimant filed for unemployment compensation benefits. The Office of Employment Security subsequently denied this request for benefits citing Sections 402(b) and 401(f)[2] of the Law, and Claimant, proceeding *pro se,* filed an appeal to a referee. A NOTICE OF TELEPHONE HEARING UNEMPLOYMENT COMPENSATION APPEAL was subsequently sent to Claimant which listed the Lake Laurie Campground in a section marked "Employer," and at the subsequent referee's telephone hearing the only employer's representative present was Ned Randall, one of the owners of the campground. Upon the commencement of the telephone hearing, Claimant began to describe her reasons for leaving her employment at Lake Laurie Campground. The following exchange then occurred between the referee and Claimant:

Referee: But you don't understand something. They gave you credit for having a valid separation from Lake Laurie. You are being denied because of separation from Outdoor World. You see, no matter what you tell me now, you have been given credit for valid separation from them.

Ms. Tate: From the employer?

Referee: Yes, from Laurie.

[2] 43 P.S. §801(f).

Nonetheless, Claimant continued to describe her reasons for leaving her employment at Lake Laurie Campground until near the end of the hearing when she was asked by the referee why she left her employment at Outdoor World. In response Claimant stated, *inter alia,* the following:

> AC: Okay. My husband was offered a job in Pottstown. It was confirmed that he had the job, and we had to leave...
>
> . . . .
>
> He was to be hired as a maintainance (sic) man and live on the premisis. (sic) When we got there, he, okay, this is why, I mean this is the reason for leaving. To go with my husband. I had no money, anything that we earned went back to paying the campsite and bills that I had here at my present home. There was no money left to get an apartment. And I was living in a tent. The campground was going to be closed October 1.

When then asked by the referee if she quit her job at Outdoor World to join her husband Claimant stated "Yes, I did because I had no place to live. I was living in a campground which was going to close on October 1st, and the temperature was getting down into the 40's." Despite this testimony indicating that Claimant might have had compelling economic reasons for terminating her employment, the referee asked no more questions about this issue, even though at the conclusion of the hearing Claimant indicated that she was confused as to the issue being addressed at the hearing since she had been told by the referee's secretary before the hearing that the only issue that would be addressed at the hearing was the termination of her employment at the Lake Laurie Campground.

The referee subsequently issued a decision denying benefits which did not mention Claimant's economic difficulties. On appeal, the Board, without taking any additional evidence, issued its own decision affirming the denial of benefits in which it simply found as facts that Claimant quit her job to accompany her husband and that she had no dependents requiring her constant care. The present appeal followed.

Before this Court Claimant, who is now represented by counsel, alleges, *inter alia,* that she was denied a full and fair hearing since the referee failed to assist her in developing the reasons for her voluntary termination of her employment at Outdoor World. We agree.

Section 101.21(a) of Title 34 of the Pennsylvania Code provides that

> [i]n any hearing the tribunal may examine the parties and their witnesses. *Where a party is not represented by counsel* the tribunal before whom the hearing is being held should advise him as to his rights, aid him in examining and cross-examining witnesses, *and give him every assistance compatible with the impartial discharge of its official duties.* (Emphasis added.)

In *Bennett v. Unemployment Compensation Board of Review,* 66 Pa. Commonwealth Ct. 455, 445 A.2d 258 (1982) we indicated that

> [t]he referee has a responsibility . . . to assist a pro se claimant at a hearing so that the facts of the case necessary for a decision may be adequately developed to "insure that compensation will not be paid in cases in which the claimant is not eligible and that compensation will be paid if the facts, *thoroughly developed,* entitle the claimant to benefits." Robinson v. Unemployment Compensation Board of Review,

60 Pa. Commonwealth Ct. 275, 279, 431 A.2d 378, 380 (1981) (emphasis added). The referee, of course, need not advise a party on evidentiary questions or on specific points of law but must act reasonably in assisting in the development of the *necessary* facts, and any failure to develop an adequate record must be prejudicial to the claimant and not mere harmless error or else a reversal will not be found. (Emphasis added.) (Footnote deleted.)

*Id.* at 457-8, 445 A.2d at 259-60.

Here, as in *Bennett,* the record shows that not only did the referee fail to advise Claimant of her right to counsel, of her right to cross-examine witnesses, and of her right to offer witnesses on her own behalf, but that the referee also failed to ask her important questions concerning the reasons for her termination of her employment with Outdoor World which were suggested by her testimony. Specifically, the referee failed to ask Claimant any questions concerning her motives for terminating her employment other than her desire to be with her husband, even though her testimony suggested that she might have had necessitous and compelling economic reasons for joining her husband. *See Richards v. Unemployment Compensation Board of Review,* 491 Pa. 162, 420 A.2d 391 (1980); *Kleban v. Unemployment Compensation Board of Review,* 73 Pa. Commonwealth Ct. 540, 459 A.2d 53 (1983). Since, in our view, the referee's actions and omissions in conducting the hearing below actually and substantially prejudiced Claimant's right to a full and fair hearing, we will remand for the conduct of a new hearing on Claimant's eligibility for benefits.

In light of our decision above, we need not address Claimant's alternate contention that she was denied due process because the notice of hearing form listed

Lake Laurie as the employer. We do note, however, that the referee was incorrect in his observation that Claimant's separation from Lake Laurie was not at issue. Since the record shows that Claimant earned less than six times her weekly benefit rate while employed at Outdoor World, she must establish that she had a necessitous and compelling reason for terminating her employment from both Outdoor World *and* Lake Laurie. *See* Section 401(f).

ORDER

Now, June 19, 1984, the order of the Unemployment Compensation Board of Review at Decision No. B-215101, dated February 22, 1983, is vacated, and this case is hereby remanded to the Board for further proceedings consistent with the opinion above. Jurisdiction relinquished.