Gary A. Conrad, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs May 3, 1984, before Judges CRAIG, BARRY and BLATT, sitting as a panel of three.

*Donald M. Taylor*, for petitioner.

*Michael D. Alsher,* Associate Counsel, with him, *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE BLATT, July 18, 1984:

The Unemployment Compensation Board of Review (Board) affirmed a referee's decision which found that Gary A. Conrad (claimant) had been self-employed while receiving unemployment compensation benefits and assessed a "fault overpayment" pursuant to Section 804(a) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §874 (a).

The claimant asserts that the Board erred when it concluded that his sideline business precluded him from receiving benefits and, in the alternative, he contends that, even if we were to hold that he was ineligible, the Board erred when it failed to determine whether or not Section 401(f) of the Law, 43 P.S. §801(f)[1] would apply here to afford him benefits. We will address his contentions seriatim.

Pursuant to 402(h) of the Law:

An employe shall be ineligible for compensation for any week—

. . . .

---

[1] Section 401(f) of the Law provides, in pertinent part, that:
Compensation shall be payable to any employe who is or becomes unemployed, and who—

. . . .

(f) Has earned, subsequent to his separation from work under circumstances which are disqualifying under the provisions of subsections 402(b), 402(e) and 402(h) of this act, remuneration for services in an amount equal to or in excess of six (6) times his weekly benefit rate irrespective of whether or not such services were in "employment" as defined in this act.

43 P.S. §801(f).

(h) In which he is engaged in self-employment: *Provided, however,* That an employe who is able and available for full-time work shall be deemed not engaged in self-employment by reason of continued participation without substantial change during a period of unemployment in any activity including farming operations undertaken while customarily employed by an employer in full-time work whether or not such work is in "employment" as defined in this act and continued subsequent to separation from such work when such activity is not engaged in as a primary source of livelihood. (Emphasis added.)

43 P.S. §802(h).

This Court held in *Parente v. Unemployment Compensation Board of Review,* 27 Pa. Commonwealth Ct. 455, 366 A.2d 629 (1976) that Section 402(h) of the Law, 43 P.S. §802(h) precludes disqualification where: (1) the self-employment precedes valid separation from full-time work; (2) the self-employment continues without substantial change after separation; (3) the claimant remains available for full-time work after separation; and (4) the self-employment is not the primary source of claimant's livelihood. Furthermore, it is axiomatic that, for the above-cited proviso to apply, *all* four of the conditions illuminated in *Parente* must be met. *Seidof v. Unemployment Compensation Board of Review,* 49 Pa. Commonwealth Ct. 358, 410 A.2d 1322 (1980). And, of course, the question of whether or not a claimant is self-employed is one of law subject to our review. *Unemployment Compensation Board of Review v. Minier,* 23 Pa. Commonwealth Ct. 514, 352 A.2d 577 (1976).

In reaching its decision, the Board affirmed the referee's factual findings which were as follows:

1. Claimant is currently employed by Ingersoll Rand Company, and for the purpose of this appeal, his last day of work was June 25, 1982, at which time he was laid off due to a lack of work.

2. Claimant filed an application for benefits effective June 27, 1982, thereby establishing a weekly benefit rate of $179.00 per week plus $8.00 in dependent's allowance.

3. Some time [sic] in June, 1982, the claimant became involved with a gasoline service station in Sayre, Pennsylvania.

4. The claimant is listed as a partner in Conrad's Service Station in a financing statement filed in the Bradford County Prothonotary's Office.

5. The claimant applied for and received $179.00 in benefits plus $8.00 in dependent's allowance during compensable weeks ending September 18, 1982 up to and including January 8, 1983.

6. The claimant applied for and received a total of $2,618.00 in benefits to which he was not entitled.

7. The claimant did not inform the Local Office of his proprietary interest in Conrad's Service Station.

Furthermore, the discussion contained in the referee's decision leads us to believe that his conclusion concerning claimant's ineligibility arose solely from the finding that the claimant had obtained a proprietary interest in a gasoline service station sometime in June, 1982. A review of Section 402(h) of the Law, 43 P.S. §802(h) reveals that even where an employee has a proprietary interest in a sideline business, he may still receive benefits if he proves that he meets the conditions contained in the proviso.

Here, a review of the record reveals that the claimant did present evidence to prove that he fell within the exception to Section 402(h) of the Law, 43 P.S. §802(h); yet the referee failed to make the necessary findings of fact. As a result, we are unable to exercise our appellate review on the question of whether or not the claimant's self-employment arose from a sideline business.

Turning to the claimant's second argument, we do not believe that Section 401(f) of the Law, 43 P.S. §801(f) is applicable here regardless of whether or not the claimant is eventually found to be ineligible for benefits due to his self-employment status. *See Steinberg v. Unemployment Compensation Board of Review*, 34 Pa. Commonwealth Ct. 294, 383 A.2d 1284 (1978). Section 401(f) provides that an employee can be eligible for benefits after having been disqualified *previously* due to circumstances involving a voluntary quit, willful misconduct or self-employment *if*, subsequent to disqualification, he earns "remuneration for services equal to or in excess of six (6) times his weekly benefit rate." 43 P.S. §801(f). In other words, an employee can essentially "purge" a prior disqualification for purposes of determining eligibility in a *subsequent* weekly claim for benefits by earning the amount set forth in Section 401(f). *See Crenshaw v. Unemployment Compensation Board of Review*, 50 Pa. Commonwealth Ct. 136, 412 A.2d 682 (1980).

As we understand the claimant's argument, he would have the unemployment compensation authorities apply Section 401(f) of the Law to award benefits whenever an employee has been deemed self-employed during the period of time for which he *currently* seeks benefits and has earned the "six times his weekly benefit rate" figure. Although we note that the language of Section 401(f) is confusing, we do not

believe that the legislature intended to allow an otherwise ineligible self-employed individual to collect benefits in addition to receiving income from a primary business concern. Section 1922(1) of the Statutory Construction Act of 1972, 1 Pa. C. S. §1922(1).[2]

We will, therefore, vacate the decision of the Board and remand for proceedings in accordance with this opinion.

ORDER

AND Now, this 18th day of July, 1984, we hereby vacate the order of the Unemployment Compensation Board of Review in the above-captioned matter and remand to the Board for findings of fact and conclusions of law regarding the claimant's eligibility pursuant to the proviso contained in Section 402(h) of the Law, 43 P.S. §802(h). Jurisdiction relinquished.

---

[2] Section 1922(1) of the Statutory Construction Act of 1972, 1 Pa. C. S. §1922(1) provides that "[i]n ascertaining the intention of the General Assembly in the enactment of a statute the following presumptions, among others, may be used: (1) That the General Assembly does not intend a result that is absurd, impossible of execution or unreasonable."