517 A.2d 590

Rosemary I. Breslow, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs September 11, 1986, to Judges DOYLE and BARRY, and Senior Judge KALISH, sitting as a panel of three.

*Michael Goldberg,* for petitioner.

*Samuel H. Lewis,* Associate Counsel, with him, *Paul E. Baker,* Acting Deputy Chief Counsel, for respondent.

OPINION BY JUDGE DOYLE, November 14, 1986:

Rosemary I. Breslow (Claimant) petitions this Court for review of an order of the Unemployment Compensation Board of Review (Board) affirming the referee's determination denying her benefits under Sections 401 and 4(u) (not totally unemployed); 402(b) (voluntary quit) and 401(f) (six times weekly benefit rate after disqualifying termination) of the Unemployment Compensation Law (Act).[1] In its brief, the Board concedes Claimant's arguments as to Sections 4(u) and 401 of the Act. We affirm, however, on the other disqualifying grounds.

The relevant facts are as follows. From August 9, 1982 to June 1, 1984, Claimant was employed full-time by Farmland Industries (Farmland) as a manager of a Turkey Hill convenience store at $5.02 per hour. Prior to June 1, 1984, Claimant informed Employer that she

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §§801, 753(u), 801(f), 802(b).

would be leaving to take a job selling insurance. Claimant, however, failed an insurance aptitude test and, on May 30 or May 31, was informed that the insurance sales position was no longer available.

Claimant next secured a full-time sales job with radio station WHEX on July 19, 1984, at a rate of pay of $725 per month. On August 31, 1984 Claimant was laid off for economic reasons. During her time at WHEX, Claimant earned $1,021.55.

Claimant filed an application for benefits on September 2, 1984 and established a weekly benefit rate of $177, subject to a five percent reduction.[2] The referee denied her claim for benefits and the Board affirmed. Claimant appeals to this Court.

Claimant was denied benefits principally for two reasons. First, the Board determined that Claimant voluntarily quit her job with Farmland without cause of a necessitous and compelling nature, rendering her ineligible for compensation under Section 402(b) of the Act, 43 P.S. §802(b). The Board then applied Section 401(f) of the Act, 43 P.S. §801(f),[3] and determined that Claimant was ineligible because she did not earn six times her weekly benefit rate while employed by WHEX.[4]

---

[2] Apparently, Claimant's benefits were subject to this reduction pursuant to Section 404(e)(4) of the Act, 43 P.S. §804(e)(4).

[3] Section 401(f) of the Act, 43 P.S. §801(f) reads:
Compensation shall be payable to any employee who is or becomes unemployed, and who—

. . .

(f) Has earned, subsequent to his separation from work under circumstances which are disqualifying under the provisions of subsections 402(b), 402(e) and 402(h) of this act, remuneration for services in an amount equal to or in excess of six (6) times his weekly benefit rate. . . .

[4] Claimant contended in the proceedings before the referee and the Board that since her benefit rate of $177 per week was subject to a five percent reduction, her weekly benefit rate was

Claimant contends initially that Section 401(f) had no applicability to her case because she had not actually been previously determined ineligible for benefits prior to her separation from WHEX. Her argument is that, while possibly ineligible in fact, no actual *determination* of her ineligibility had been made. This interpretation of Section 401(f), while novel, is incorrect. In a factually analogous case, *Tate v. Unemployment Compensation Board of Review*, 83 Pa. Commonwealth Ct. 291, 477 A.2d 54 (1984) we interpreted Section 401(f) to require a review of the circumstances surrounding the termination of a prior employment when a Claimant earned less than six times her weekly benefit rate at a subsequent job from which she is separated. *See also Conrad v. Unemployment Compensation Board of Review*, 84 Pa. Commonwealth Ct. 71, 478 A.2d 542 (1984); *Richards v. Unemployment Compensation Board of Review*, 42 Pa. Commonwealth Ct. 425, 400 A.2d 1345 (1979), *rev'd on other grounds*, 491 Pa. 162, 420 A.2d 391 (1980). Therefore, the Board was correct in applying Section 401(f) in the instant case.

Claimant next argues that, even if Section 401(f) applies, her voluntary separation from Farmland would not be disqualifying under Section 402(b) since she quit with cause of a necessitous and compelling nature. A claimant whose unemployment is due to voluntary termination bears the burden of proving that such termination was with cause of a necessitous and compelling nature; that is, circumstances which place a real and substantial pressure on the employee to terminate employment, and which would cause a reasonable person under like circumstances to do the same. *Flatley v. Unemployment Compensation Board of Review*, 93 Pa.

---

$168, and thus she earned six times her benefit rate while employed by WHEX. This contention was rejected below, and Claimant does not pursue the issue on this appeal. Accordingly, we need not reach this issue here.

Commonwealth Ct. 78, 500 A.2d 515 (1985). Claimant asserts two reasons for quitting as cause of necessitous and compelling nature: 1) the job with Farmland was too physically difficult and mentally stressful; and 2) she had an offer of another job.

When a claimant terminates employment for medical reasons, she has the burden of showing that adequate health reasons existed at the time of the termination to justify the termination, that she made her employer aware of the medical problem and inability to perform her regular duties, and that she is available for work not inimical to her health when the employer offers a reasonable accommodation. *Genetin v. Unemployment Compensation Board of Review*, 499 Pa. 125, 451 A.2d 1353 (1982).

Claimant asserts that she satisfied the *Genetin* test. We disagree. Claimant established that approximately four months prior to her separation from Farmland, she suffered a slight rib injury on the job while lifting. A doctor treated her for this injury, as well as previously treating her for job-related anxiety and stress. However, her last treatment occurred some four months before her separation. While Claimant informed Farmland of her health problems, previously, she never notified them that her potential new employment had not materialized so that they could accommodate her with another position not inimical to her health. Therefore, Claimant failed to prove in accordance with *Genetin* that her health problems constituted a cause of necessitous and compelling nature so as to justify her voluntary resignation from her job.

Claimant also argues that her belief that she had another job to go to in insurance sales was cause of necessitous and compelling nature to voluntarily quit her position with Farmland. Again we disagree. Claimant had a job offer contingent upon her passing an aptitute test, which she failed. Claimant knew in advance of her

termination date with Farmland that the insurance job had fallen through, yet she did nothing to attempt to rescind her resignation.

As we have stated on numerous occasions, the mere possibility of getting another job, rather than a firm job offer, does not constitute cause of a necessitous and compelling nature to voluntarily terminate employment. *North Huntingdon Township v. Unemployment Compensation Board of Review,* 69 Pa. Commonwealth Ct. 187, 450 A.2d 768 (1982); *Winterle v. Unemployment Compensation Board of Review,* 65 Pa. Commonwealth Ct. 486, 442 A.2d 1211 (1982); *O'Connor v. Unemployment Compensation Board of Review,* 50 Pa. Commonwealth Ct. 573, 413 A.2d 458 (1980); *Steinberg v. Unemployment Compensation Board of Review,* 34 Pa. Commonwealth Ct. 294, 383 A.2d 1284 (1978). Here, Claimant did not have a firm job offer, but simply a conditional job offer which Claimant knew had been rescinded before her termination date.

Furthermore, once Claimant knew that her conditional job offer was withdrawn, she had a duty to act with common sense and prudence and to take minimal steps to preserve her employment. *Unemployment Compensation Board of Review v. Metzger,* 28 Pa. Commonwealth Ct. 571, 368 A.2d 1384 (1977); *Unemployment Compensation Board of Review v. Pennsylvania Power & Light Co.,* 23 Pa. Commonwealth Ct. 220, 351 A.2d 698 (1976). Here, Claimant did nothing at all; at a minimum, she ought to have informed her employer of her new job falling through, rather than assume that no employment would be available.

For the foregoing reasons, we affirm.

ORDER

Now, November 14, 1986, the order of the Unemployment Compensation Board of Review, No. B-237840 dated February 5, 1985, is affirmed.