545 A.2d 995

Jerald A. Fernacz, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs April 26, 1988, to Judges BARRY and SMITH, and Senior Judge NARICK, sitting as a panel of three.

*Evalynn B. Welling, Neighborhood Legal Services Association,* for petitioner.

*James K. Bradley,* Assistant Counsel, with him, *Clifford F. Blaze,* Deputy Chief Counsel, for respondent.

OPINION BY JUDGE SMITH, August 17, 1988:

Claimant, Jerald A. Fernacz, appeals from the denial of benefits by the Unemployment Compensation Board of Review (Board) pursuant to provisions of Sections 402(b) and 401(f) of the Pennsylvania Unemployment Compensation Law (Law).[1] The Board also assessed a non-fault overpayment against Claimant pursuant to Section 804(b) of the Law.[2] Claimant challenges the Board's determination that Claimant voluntarily quit full-time employment without good cause. The Board's decision is affirmed.

The referee found that Claimant was employed by Colonial Taxi (Colonial) as a full-time access driver at $4.00 per hour. On January 31, 1986, the date of hire, Claimant was instructed to report to work on February 1, 1986 and February 2, 1986. Claimant was also notified on January 31, 1986 by the Baldwin-Whitehall School District that he was to report for school bus drivers' training the following week to qualify for prospective employment. On February 3, 1986, after working two days, Claimant informed Colonial that he could only work on weekends because of the training program. Since Colonial required a full-time driver, Claimant was eliminated from Colonial's work schedule. Thereafter, Claimant was employed by the School District on an "on-call" basis with no guaranteed hours and earned $11.73 on February 10, 1986 and on February 12, 1986.

Claimant applied for benefits with the Office of Employment Security (OES) which determined Claimant to be ineligible for benefits under Sections 402(b) and 401(f) of the Law, and further assessed a non-fault

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §§802(b) and 801(f).

[2] 43 P.S. §874(b).

overpayment under Section 804(b). The overpayment assessment was imposed since Claimant improperly received benefits, through no fault of his own, during pendency of the fact-finding process. The referee determined that Claimant voluntarily left his employment with Colonial without cause of a necessitous and compelling nature and affirmed the OES. The Board, on further appeal by Claimant, affirmed the referee.

This Court's scope of review in this case is limited to a determination of whether findings of fact are supported by substantial evidence, whether an error of law was committed, or whether any of the Claimant's constitutional rights have been violated. *Estate of McGovern v. State Employees' Retirement Board*, 512 Pa. 377, 517 A.2d 523 (1986).

Claimant argues that his case should not be determined under Section 402(b) since he did not leave Colonial for employment with the School District but instead negotiated simultaneously with both employers on January 31, 1986. Additionally, Claimant argues that even if the referee properly determined that Claimant voluntarily quit his Colonial job, he did so to accept other employment which offered greater opportunity and that for this reason, Claimant should be entitled to benefits. This Court is unpersuaded by Claimant's arguments.

With reference to his status at Colonial, Claimant contends that he was hired part-time and that the referee accepted contradictory testimony from the Employer's witness on this issue. It is well settled that the Board is the ultimate arbiter of facts and is empowered to resolve conflicts in evidence, determine credibility of witnesses and weight to be accorded to the evidence. *Czitrom v. Unemployment Compensation Board of Review*, 52 Pa. Commonwealth Ct. 537, 416 A.2d 109 (1980). Moreover, whether conduct constitutes a volun-

tary separation from work is a question of law dependent upon the facts found by the Board. *Chinn v. Unemployment Compensation Board of Review,* 57 Pa. Commonwealth Ct. 582, 426 A.2d 1250 (1981). The record contains substantial evidence to support the findings that Claimant was employed full-time and did not notify Colonial of his inability to work full-time until February 3, 1986 resulting in Claimant's removal from the work schedule.

Section 402(b) of the Law provides that an employee shall be ineligible for compensation where unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature. The burden of proving the existence of a compelling and necessitous cause is on the employee. *Township of North Huntingdon v. Unemployment Compensation Board of Review,* 69 Pa. Commonwealth Ct. 187, 450 A.2d 768 (1982). This Court has consistently held that the mere possibility of obtaining another job, without a firm offer of employment, is insufficient to establish that employment was terminated for good cause. *Breslow v. Unemployment Compensation Board of Review,* 102 Pa. Commonwealth Ct. 187, 517 A.2d 590 (1986). Here, Claimant voluntarily left full-time employment with Colonial for a job which was contingent upon Claimant's successful completion of a driver's training program. Acceptance of job training with only the prospect of better employment, as here, does not constitute the requisite necessitous and compelling reason to qualify for benefits under the Law.

The Board concurrently ruled Claimant ineligible for benefits under Section 401(f) of the Law which provides that:

Compensation shall be payable to any employe who is or becomes unemployed, and who has earned, subsequent to his separation from work

under circumstances which are disqualifying under the provisions of subsections 402(b), 402(e) and 402(h) of this act, remuneration for services in an amount equal to or in excess of six (6) times his weekly benefit rate.

Even though Claimant worked subsequent to terminating his employment with Colonial, he failed to earn six times his weekly benefit rate. The record supports the Board's determination that Claimant has not purged the disqualification and is therefore ineligible for benefits under Section 401(f).

Finally, Section 804(b) of the Law, governing non-fault overpayments, provides that any person who other than by reason of fault has received compensation to which such person is not entitled shall not be liable to repay the compensation received but to have such sum deducted from future compensation payable with respect to the benefit year, or the three-year period immediately following the benefit year. Since Claimant improperly received benefits but was unaware of his ineligibility, the overpayment is recoupable as a non-fault overpayment pursuant to Section 804(b).

Accordingly, the Board's decision is affirmed.

## ORDER

AND NOW, this 17th day of August, 1988, the order of the Unemployment Compensation Board of Review is affirmed.