IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Angelo Scott,                          :
                    Petitioner         :
                                       :
        v.                             :   No. 419 C.D. 2018
                                       :   SUBMITTED:  August 10, 2018
Unemployment Compensation              :
Board of Review,                       :
                    Respondent         :

BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
          HONORABLE RENÉE COHN JUBELIRER, Judge
          HONORABLE ELLEN CEISLER, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE CEISLER                              FILED:  October 19, 2018

        Angelo Scott (Claimant) petitions for review, *pro se*, of the January 31, 2018

Order of the Unemployment Compensation Board of Review (Board) affirming the

decision of a Referee to deny Claimant unemployment compensation (UC) benefits.

The Board concluded that: (1) Claimant is ineligible for UC benefits under Section

402(b) of the Unemployment Compensation Law (Law)[1] because he voluntarily quit

his employment without cause of a necessitous and compelling nature; and (2)

Claimant was not prejudiced by the Referee's failure to admit emails from

Claimant's laptop computer into evidence at the hearing.  Because we conclude that

the Referee did not afford Claimant a full and fair hearing, we reverse the Board's

Order and remand for further proceedings.

_____

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §
802(b).  Section 402(b) of the Law provides that an employee shall be ineligible for UC benefits
for any week "[i]n which his unemployment is due to voluntarily leaving work without cause of a
necessitous and compelling nature."  43 P.S. § 802(b).

**Background**

The following background is a summary of the Referee's Findings of Fact and Conclusions of Law, which the Board adopted and incorporated in their entirety.

Claimant worked as a full-time Warehouse Assistant for E.O. Habhegger Company, Inc. (Employer) from April 10, 2017 through June 12, 2017. Finding of Fact (F.F.) No. 1. On June 8, 2017, Claimant complained to the Sales Manager about another employee calling him "[Y]o." *Id.* No. 3. On June 10, 2017, Claimant sent numerous emails to Sales Manager alleging that other employees had committed rule violations and had told Claimant that they disliked him. *Id.* No. 4. The Sales Manager asked to meet with Claimant on June 12, 2017 to discuss Claimant's emails and allegations. *Id.* No. 5.[2]

At the June 12, 2017 meeting, the Sales Manager told Claimant that he was unaware of any rule violations, but that he would address those that were brought to his attention. *Id.* No. 6. The Sales Manager asked Claimant what else Employer could do, to which Claimant responded, "[E]verything has got to change." *Id.* No. 7; N.T., 9/7/17, at 18. The Sales Manager informed Claimant that he would fix any rule violations but could not change personalities. F.F. No. 8; N.T., 9/7/17, at 19.

Claimant again asked the Sales Manager if things would change. The Sales Manager said that he would change what he could, to which Claimant responded, "[W]ell, if I quit, what are the terms?" N.T., 9/7/17, at 20; F.F. Nos. 8-9. The Sales

---

[2] The various violations that Claimant alleged are found in Claimant's testimony at the Referee's hearing. Claimant alleged that a manager crushed a piece of equipment while intoxicated at work; a co-worker repeatedly addressed Claimant as "Yo" instead of by his name; Employer violated the safety regulations of the Occupational Health and Safety Administration; a manager directed employees to violate federal law by "masking" hazardous materials for shipment; a manager threatened Claimant with insubordination when he refused to violate federal law; and he disliked the way two of his co-workers talked to each other in the workplace. Notes of Testimony (N.T.), 9/7/17, at 11-13, 18-19, 24.

Manager replied, "[T]here are no terms, we are a company at-will. I can leave, you can quit, I can quit, I can fire you, . . . I can get fired. It's an at-will." N.T., 9/7/17, at 20. The Sales Manager then said to Claimant that if he was unhappy, "[W]hy don't you just quit?" *Id.*; F.F. No. 10. At that point, Claimant walked out, voluntarily leaving his employment. F.F. No. 11; N.T., 9/7/17, at 20. Had Claimant not voluntarily left his employment, continuing work would have been available. F.F. No. 12.

Claimant filed a claim for UC benefits with the local Service Center. The Service Center noted that there was a conflict regarding whether Claimant quit his employment or was discharged, so it considered his eligibility under both Sections 402(b) and 402(e) of the Law.[3] Notice of Determination, 7/25/17, at 1. The Service Center found that Claimant was discharged, but not for willful misconduct. *Id.* Therefore, the Service Center determined that Claimant was eligible for UC benefits under Section 402(e) of the Law. *Id.*

Employer appealed to the Referee, who held a hearing on September 7, 2017. Claimant appeared at the hearing *pro se*. After identifying the documents in Claimant's file that would be admitted into evidence, the Referee stated:

> Claimant did submit additional documents to the UC Service Center, however, the Referee is unsure how some of those documents relate to the issue before me today, and so therefore, those additional documents will not be offered into the record at this time. During the course of your testimony, Mr. Scott, if there is a document you would like to have made part of the record, you may tell me that during your testimony and we will follow the procedure for entering it into the record at that time, subject to any objection lodged by Employer['s] [c]ounsel.

---

[3] Section 402(e) of the Law provides that an employee shall be ineligible for UC benefits for any week "[i]n which his unemployment is due to his discharge or temporary suspension from work for willful misconduct connected with his work." 43 P.S. § 802(e).

N.T., 9/7/17, at 4-5.

Before the presentation of testimony, Employer's counsel objected to Claimant's laptop computer being open and on during the hearing. *Id.* at 6. The Referee asked Claimant why he had the laptop. *Id.* Claimant stated that he had previously submitted emails to the Service Center pertaining to his separation from employment; however, when he reviewed his file before the hearing, the emails were not in the file. *Id.* at 6-7. Claimant stated that he brought his laptop to the hearing to show the Referee the missing emails. *Id.* at 7.

The Referee stated that the emails needed to be in a format that can be entered into the record and that Claimant could not admit emails from his computer's hard drive into the record. *Id.* Claimant offered to forward the emails "to an email address." *Id.* The Referee explained that all evidence needed to be entered into the record for review by the Board in the event of further appeal. *Id.* Finally, the Referee stated that the Notice of Hearing mailed to Claimant instructed him to "[g]ather any documents you have that concern the case" and "make copies [of documents] you intend to take to the [h]earing" because "any documents that are made part of the [h]earing [r]ecord cannot be returned to you." *Id.* at 8; *see* Certified Record (C.R.), Item No. 10. The Referee then excluded Claimant's proffered email evidence.

Thereafter, Claimant and two witnesses for Employer testified about the circumstances surrounding Claimant's separation from employment. Following the hearing, the Referee reversed the Service Center's decision, stating:

> [There was] a dispute in the testimony and evidence presented by the parties relative whether [C]laimant quit or whether [he] was discharged. The Referee has carefully considered the testimony and evidence presented by [C]laimant and [E]mployer, and finds that [C]laimant's testimony falls short of establishing that there was an immediacy of a

4

firing in the Sales Manager['s] language.[4] Rather, the Referee credits [E]mployer's testimony that [C]laimant had a choice to leave or not, [C]laimant took that choice, and thereby voluntarily left [his] employment.

Ref.'s Order at 3. The Referee also determined that Claimant failed to establish that he voluntarily quit for a necessitous and compelling reason. *Id.* Therefore, the Referee concluded that Claimant was ineligible for UC benefits under Section 402(b) of the Law. *Id.*

Claimant timely appealed to the Board, claiming that he was prejudiced by the Referee's exclusion of the email evidence at the hearing. The Board affirmed the Referee's decision, concluding:

> [C]laimant was duly advised via the hearing notice that any documents made part of the hearing record could not be returned to him. [C]laimant's laptop could not be accepted into the record, and it was [C]laimant's responsibility to make copies of documentation on his laptop prior to the hearing so he could present it for the record on the hearing date. While [C]laimant stated that he could send the documentation to an email address, it was not the Referee's responsibility to print and make copies of documentation for [C]laimant. Moreover, [C]laimant admitted that he reviewed the record prior to the hearing date and he was aware that the documentation he wanted to present from his laptop was not in the record. The Board concludes that the parties were afforded a full and fair hearing, and the Referee did not abuse her discretion by not allowing [C]laimant to present testimony and evidence from documentation located on his laptop.

---

[4] "To be interpreted as a discharge, an employer's language must possess the immediacy and finality of firing." *Fishel v. Unemployment Comp. Bd. of Review*, 674 A.2d 770, 772 (Pa. Cmwlth. 1996) (*en banc*). "If it does, the employee has been discharged; if it does not, and the offended employee leaves, the case is one of voluntary quit." *Keast v. Unemployment Comp. Bd. of Review*, 503 A.2d 507, 509 (Pa. Cmwlth. 1986).

Bd.'s Order at 1. Claimant now petitions for review of that decision.[5]

## Issue

Claimant presents one issue for our review: Did the Referee abuse her discretion by not allowing Claimant to present evidence and testimony relating to documentation stored on his laptop computer at the hearing?[6]

## Analysis

In UC proceedings, the Referee has "wide latitude" regarding the admission of evidence. *Creason v. Unemployment Comp. Bd. of Review*, 554 A.2d 177, 179 (Pa. Cmwlth. 1989). The Referee "is not free to disregard rules of evidence and if evidence is not relevant[,] the [R]eferee may exclude it." *Id.* Despite this broad discretion, however, the Referee "may not improperly refuse to accept relevant competent and material evidence." *Healey v. Unemployment Comp. Bd. of Review*, 387 A.2d 1025, 1027 (Pa. Cmwlth. 1978).

Here, the Service Center found Claimant eligible for UC benefits, based, in part, on the documentation he submitted. At the outset of the hearing, the Referee acknowledged that some "documents" that Claimant had submitted to the Service

---

[5] Our scope of review is limited to determining whether the necessary findings of fact are supported by substantial evidence, whether an error of law was committed, or whether constitutional rights were violated. Section 704 of the Administrative Agency Law, 2 Pa. C.S. § 704.

[6] The issue argued in Claimant's brief differs slightly from the issues in his Petition for Review. In his Petition for Review, Claimant asserts that "the [R]eferee didn't care" about Claimant's evidence and the Board "denied receipt of [his] evidence." Pet. for Review, 3/29/18, at 1. However, the substance of these assertions is consistent with the prejudice claim argued in his brief and in his appeal to the Board. Claimant also asserted prejudice several times during the Referee's hearing. *See* N.T., 9/7/17, at 8, 22-23. Thus, we conclude that Claimant has properly preserved his prejudice claim. *See* Pa. R.A.P. 1513(d)(5) (stating that if a petitioner omits an issue from a petition for review, the court will not find waiver if "the court is able to address the issue based on the certified record").

Center were missing from the file. The Referee stated, "Claimant did submit additional documents to the UC Service Center, however, the Referee is unsure how some of those documents relate to the issue before me today, and so therefore, those additional documents will not be offered into the record at this time." N.T., 9/7/17, at 4-5. The Referee did not question Claimant about the missing documents or their relevancy before making this determination.

The Referee then informed Claimant that he could admit additional documents into the record during his testimony. *Id.* at 5. Consistent with the Referee's directive, Claimant attempted to introduce a "series of emails that pertain to my termination [from employment]," which were stored on his laptop computer. *Id.* at 6. Claimant explained that the emails "have already been offered [in]to the record, they've already been submitted to the record." *Id.* Claimant acknowledged that the Notice of Hearing instructed him to bring relevant "documents" to the hearing, but he stated that the Notice "doesn't say anything about documents being electronic. These [emails] are considered documents . . . ." *Id.* at 8. Claimant offered to forward the emails to the Referee and to Employer. *Id.* at 7. Without questioning Claimant about the nature of the emails or their relevance, the Referee precluded the emails, solely because they were not in "paper" form. *Id.* at 9.[7]

Our Court has explained:

> The [R]eferee has a responsibility . . . to assist a *pro se* claimant at a hearing so that the facts of the case necessary for a decision may be adequately developed to "insure that compensation will not be paid in cases in which the claimant is not eligible and that compensation will be paid if the facts, thoroughly developed, entitled the claimant to

[7] In his brief to this Court, Claimant contends that he "advised [the Referee] that [Claimant] had very poor vision, and his laptop would help assist him with presenting his evidence, since he had a disability." Claimant's Br. at 7 (emphasis omitted). However, the hearing transcript contains no such statements by Claimant.

benefits." The [R]eferee, of course, need not advise a party on evidentiary questions or on specific points of law *but must act reasonably in assisting in the development of the necessary facts*, and any failure to develop an adequate record must be prejudicial to the claimant and not mere harmless error or else a reversal will not be found.

*Bennett v. Unemployment Comp. Bd. of Review*, 445 A.2d 258, 259-60 (Pa. Cmwlth. 1982) (internal citation omitted) (emphasis added); *see also* 34 Pa. Code § 101.21(a) ("Where a party is not represented by counsel[,] the tribunal before whom the hearing is being held should advise him as to his rights, aid him in examining and cross-examining witnesses, and *give him every assistance compatible with the impartial discharge of its official duties*.") (emphasis added).

While the Referee is not obligated to advocate on behalf of a *pro se* claimant, *see Stugart v. Unemployment Comp. Bd. of Review*, 85 A.3d 606, 609 (Pa. Cmwlth. 2014), the Referee *is* required to *reasonably assist* a *pro se* claimant in developing the necessary facts. In this case, a key issue before the Referee was whether Claimant was discharged from his employment or whether he voluntarily quit. *See* N.T., 9/7/17, at 2; Ref.'s Order at 2. Rather than assist Claimant, however, the Referee precluded Claimant from introducing potentially relevant evidence that would support his claim that he was discharged.

Because the Referee excluded both the missing Service Center documents and the emails, we do not know the extent of any overlap between the documents and the emails or whether any of that evidence was relevant to the issues before the Referee. The Referee could have taken a few minutes to review the additional documents Claimant had submitted to the Service Center, given Claimant an opportunity to explain their relevance, and compared those documents to the emails Claimant sought to introduce before precluding the evidence. Because the Referee

8

failed to take these steps, we conclude that she did not "act reasonably in assisting in the development of the necessary facts." *Hackler v. Unemployment Comp. Bd. of Review*, 24 A.3d 1112, 1115 (Pa. Cmwlth. 2011).

We also disagree with the Board's finding that Claimant reviewed the record "prior to the hearing date," knew the documents were missing, and still did not bring copies in violation of the Notice of Hearing. Bd.'s Op. at 1. On the contrary, the record shows that Claimant reviewed the record *on the day of the hearing*. The Referee asked Claimant if he reviewed the hearing file "today," to which Claimant responded, "Yes. A lot was missing." N.T., 9/7/17, at 3. Moreover, in his appeal to the Board, Claimant stated, "*At my hearing*, I had a chance to review my file. None of my evidence that was used for the basis of my original decision was in my file." Pet. for Appeal, 9/20/17, at 4 (emphasis added). Thus, it is evident that Claimant did not know that documents he previously submitted to the Service Center were not in his file until moments before the hearing.

Under these circumstances, we conclude that Claimant's right to a full and fair hearing was substantially prejudiced by the Referee's conduct so as to warrant a new hearing. *Cf. Tate v. Unemployment Comp. Bd. of Review*, 477 A.2d 54, 56 (Pa. Cmwlth. 1984) (remanding for a new hearing on the claimant's eligibility for UC benefits where "the referee's actions and omissions in conducting the hearing below actually and substantially prejudiced [the c]laimant's right to a full and fair hearing").[8]

---

[8] We recognize that "documentation" is an evolving term and, in some instances, can include documents in electronic form. As a practical matter, it certainly would have been preferable for Claimant to have brought paper copies of the emails and documents he wished to introduce to the hearing. However, we cannot fault Claimant for bringing the documents in electronic form where: (1) Claimant did not believe the Notice of Hearing required paper copies; and (2) the record shows that Claimant discovered that documents were missing from his file just before the start of the hearing.

## **Conclusion**

Accordingly, we reverse the Board's Order and remand this matter for a new evidentiary hearing consistent with this Opinion.

_____
ELLEN CEISLER, Judge

10

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Angelo Scott,                               :
            Petitioner          :
                                    :
            v.                    : No. 419 C.D. 2018
                                      :
Unemployment Compensation                   :
Board of Review,                            :
            Respondent          :

## O R D E R

AND NOW, this 19th day of October, 2018, the Order of the Unemployment Compensation Board of Review, dated January 31, 2018, is hereby REVERSED, and this matter is REMANDED for a new evidentiary hearing consistent with the foregoing Opinion.

      Jurisdiction relinquished.

                                    _____
                                    ELLEN CEISLER, Judge