John Baron, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued March 2, 1978, before Judges WILKINSON, JR., MENCER and BLATT, sitting as a panel of three.

*Andrew F. Erba,* for appellant.

*Susan Shinkman,* Assistant Attorney General, with her *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE WILKINSON, JR., March 28, 1978:
This is an appeal from a decision of the Unemployment Compensation Board of Review (Board), which affirmed a referee's denial of benefits on the ground that petitioner (claimant) voluntarily terminated his employment "without cause of a necessitous and compelling nature," as required by Section 402(b)(1) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(b)(1). We affirm.

Claimant had been employed approximately two months as a delivery truck driver for a Philadelphia company. On December 12, 1975, he voluntarily left that employment and, on December 13, 1975, he arrived in Houston, Texas, where according to his testimony, he had been promised a job. Shortly after his arrival, the Houston employer advised claimant that he could not employ him at that time. Claimant did not return to Philadelphia immediately or endeavor to seek re-employment with his former employer. Instead, he remained in the Houston area for approximately 10 days because, he testified, "employment opportunities are a lot better in Houston. . . ." Claimant's Philadelphia job was filled sometime in December 1975.

A hearing was conducted on February 19, 1976. Claimant testified that the prospective job in Houston had been arranged through the relative of a friend

and that he had not met the Houston employer prior to his arrival there. Claimant could not produce a letter which he testified the employer had sent him prior to his leaving Philadelphia. He offered a telegram sent by the employer on February 18, 1976, which stated that claimant had been promised a job as a mechanic and trainee in auto paint and body work in December 1975, but, "due to circumstances beyond my [the employer's] control," the employer could not employ claimant at that time. The record is void of any mention of wages, hours or other conditions of employment. The Board decided that claimant did not have an offer of employment sufficiently definite to constitute "necessitous and compelling" cause for terminating his Philadelphia employment. This appeal followed.

We have recently stated that "the mere possibility of obtaining another job is insufficient to establish that employment was terminated for good cause" and that "receipt and acceptance of a firm offer of employment" is necessary to constitute such cause. *Steinberg v. Unemployment Compensation Board of Review*, 34 Pa. Commonwealth Ct. 294, 383 A.2d 1284 (1978). (Citations omitted.) Claimant contends his testimony, that he had been promised a job, together with the telegram from the Houston employer require us to find that the Board erred in deciding that no firm offer was received and accepted. We do not agree. The record contains no "offer" beyond the statement of the employer in the telegram, sent over two months after claimant was denied employment, that claimant had been "promised a job." Neither that statement nor the claimant's own testimony makes any mention of the wages, hours or other conditions of employment allegedly offered. Claimant's testimony as to the definiteness of the "offer" is contradicted by his statements (made on a "summary of interview" form ad-

mitted into the record) that he left Philadelphia "to seek employment" and that he was only "offered a possible job." It is, of course, the role of the Board to resolve conflicts in the evidence, and we find no error in its decision.

Accordingly, we will enter the following

### ORDER

Now, March 28, 1978, the order of the Unemployment Compensation Board of Review in Decision No. B-133390, dated August 12, 1976, is hereby affirmed.