The Township of North Huntingdon, a Municipality and a Township of the First Class, Petitioner v. Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued May 6, 1982, before President Judge CRUMLISH, JR. and Judges CRAIG and DOYLE, sitting as a panel of three.

*Thomas P. Cole, II,* for petitioner.

*Charles G. Hasson,* Associate Counsel, with him *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE DOYLE, September 28, 1982:

The Township of North Huntingdon (Employer) appeals from an order of the Unemployment Compensation Board of Review (Board) which reversed the decision of a referee and granted unemployment compensation benefits to Richard E. Keeler (Claimant) pursuant to the provisions of Section 402(b) of the Unemployment Compensation Law[1] (Law). For the reasons which follow, we affirm the Board.

Claimant was employed as a police officer by the Employer for a period of ten years. On July 15, 1980, Claimant submitted his resignation which was to take effect on August 9, 1980. During the interim, Claim-

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(b).

ant was on vacation. Claimant's reason for submitting his resignation was for the purpose of accepting an offer of employment as a laborer with Tygart Industries (Tygart). Claimant expected his employment with Tygart to begin on August 25, 1980. Intervening difficulties in labor negotiations, however, prevented Tygart from hiring Claimant until January, 1981. During the period that employment with Tygart was delayed, Claimant filed for unemployment compensation benefits.

Section 402(b) of the Law provides in pertinent part:

An employe shall be ineligible for compensation for any week—

....

(b) In which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature....

The employee seeking unemployment compensation has the burden of proving the existence of a cause of a necessitous and compelling nature. *Aluminum Company of America v. Unemployment Compensation Board of Review*, 15 Pa. Commonwealth Ct. 78, 324 A.2d 854 (1974). Here, the Board found that the Claimant had resigned his position with the Employer to accept an offer of a job with Tygart. It is well established that "[a]lthough the mere possibility of obtaining another job is insufficient to establish that employment was terminated for good cause, the receipt and acceptance of a firm offer of employment does constitute termination for cause of a necessitous and compelling nature." *Steinberg v. Unemployment Compensation Board of Review*, 34 Pa. Commonwealth Ct. 294, 297, 383 A.2d 1284, 1286 (1978) (citations omitted). The offer of employment, however,

must be definite,[2] and the claimant must act prudently with regard to his employer.[3]

Here, the Employer argues that Tygart's offer was indefinite, and that Claimant did not attempt to secure reemployment when he learned that his employment with Tygart would be delayed and therefore failed to pursue a prudent course of action. Since the party with the burden of proof prevailed below, our scope of review, concerning the findings of fact, is limited to a determination of whether they are unsupported by substantial evidence. *Dudash v. Unemployment Compensation Board of Review*, 61 Pa. Commonwealth Ct. 186, 432 A.2d 1150 (1981).

Our careful review of the record reveals that, at the time Claimant tendered his resignation, the offer of employment from Tygart included a specific position (Labor Personnel) at a fixed rate of pay ($9.31 per hour) which was scheduled to begin on August 25, 1980. The testimony concerning these terms provides sufficient relevant evidence to support the conclusion that Tygart's offer was definite. *Baron v. Unemployment Compensation Board of Review*, 34 Pa. Commonwealth Ct. 379, 384 A.2d 271 (1978).

With regard to the Employer's second argument, Claimant has the "burden to prove that his justification for leaving his employment continued to exist until at least the point in time when his resignation took effect...." *Unemployment Compensation Board of Review v. Pennsylvania Power and Light Co.*, 23 Pa. Commonwealth Ct. 220, 223, 351 A.2d 698, 700 (1976). The record clearly shows that Claimant did not know that his employment with Tygart would be

---

[2] *Baron v. Unemployment Compensation Board of Review*, 34 Pa. Commonwealth Ct. 379, 384 A.2d 271 (1978).

[3] *Unemployment Compensation Board of Review v. Pennsylvania Power and Light Co.*, 23 Pa. Commonwealth Ct. 220, 351 A.2d 698 (1976).

delayed until after his resignation had become effective on August 9, 1980. This evidence supports the referee's conclusion that Claimant pursued a prudent course of action concerning his Employer.

### ORDER

Now, September 28, 1982, the order of the Unemployment Compensation Board of Review, Decision Number B-193808 dated March 30, 1981, is hereby affirmed.