# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Lisa J. Cleary, | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 795 C.D. 2016 |
| | : | Submitted: November 18, 2016 |
| Unemployment Compensation | : | |
| Board of Review, | : | |
| Respondent | : | |

BEFORE:   HONORABLE ROBERT SIMPSON, Judge
             HONORABLE JULIA K. HEARTHWAY, Judge
             HONORABLE JOSEPH M. COSGROVE, Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION**
**BY JUDGE SIMPSON**             **FILED: May 17, 2017**

Lisa J. Cleary (Claimant) petitions for review of the order of the Unemployment Compensation Board of Review (Board) that reversed the decision of a referee and denied her unemployment compensation (UC) benefits. The Board found Claimant ineligible for UC benefits pursuant to 402(b) of the Unemployment Compensation Law (Law)[1] (voluntary quit) because she did not demonstrate through competent evidence a firm offer of employment at the time she voluntarily quit her job with Bloomsburg Carpet Industries, Inc. (Employer). Claimant contends the Board erred in reaching this determination. Upon review, we affirm.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, as amended, 43 P.S. §802(b).

# I. Background
## A. Current Proceedings

Claimant worked for Employer as a general laborer from May 2005 until December 24, 2015. From December 25, 2015 through January 4, 2016, Employer was closed. On January 4, 2016, Claimant telephoned Employer and quit, effective immediately. She did not provide Employer with a reason for quitting.

On January 7, 2016, Claimant applied for benefits. Based on information from Claimant explaining her reason for leaving work and documented in the Internet Initial Claim, Reproduced Record (R.R.) at 19a-23a, the local service center granted benefits. Employer appealed, and a referee held a hearing.

Claimant did not appear at the referee's hearing. Tracy Hess, Employer's Human Relations Manager (HR Manager), appeared and testified on behalf of Employer. At the beginning of the hearing, the referee identified the file documents, including the Internet Initial Claim (Ex. 8), the Claim Record (Ex. 10), and the Certification of Documents (Ex. 1). All the file documents were received without objection. Referee's Telephone Hr'g, Notes of Testimony (N.T.), 2/19/16, at 3; R.R. at 58a.

When asked at the hearing why Claimant left her job with Employer, HR Manager stated: "She just called and said that she would not be in on January 4th, that morning, that she was resigning. We had heard rumors that she had another job but we were not positive of that." Id. at 4.

2

The referee determined Claimant was not ineligible for UC benefits under Section 402(b) of the Law beginning with the waiting week ending January 9, 2016. The referee found that Claimant's last day of work for Employer was December 24, 2015. From December 25, 2015 to January 4, 2016, Employer was closed. Employer did not have work available for Claimant between those dates. On January 4, 2016, Claimant called Employer and quit. Claimant did not give Employer a reason for quitting. Referencing the Claim Record (Ex. 10), the referee found that Claimant quit in order to accept other full-time employment and had a bona fide offer of other employment. Referee's Dec., 2/19/16, Findings of Fact (F.F.) Nos. 2-8. Ultimately, the referee determined Claimant had a bona fide offer of employment, which she began on January 4, 2016, and, therefore, she was not ineligible for UC benefits under Section 402(b). Referee's Dec. at 2. The referee advised Employer to file a Request for Relief from Charges. Id.

Employer appealed to the Board. The Board found that Claimant was last employed by Employer, from May 23, 2005, and her last day of work was December 24, 2015. Employer was closed from December 25, 2015 until January 4, 2016. On January 4, 2016, Claimant called Employer and quit her employment, effective immediately. Bd. Op., 4/19/16, F.F. Nos. 1-3.

Ultimately, the Board determined that Claimant voluntarily left her employment; therefore, she bore the burden of showing necessitous and compelling cause for so doing. Bd. Op. at 1. The Board found the record contained circumstantial evidence indicating Claimant quit her employment with Employer to accept a job with new employer. Id. at 1-2. However, the Board

3

found the record devoid of competent evidence of a firm offer of employment by the new employer to Claimant. Id. at 2. Thus, the Board concluded Claimant was ineligible for benefits under Section 402(b) of the Law.[2] Claimant requested reconsideration of the Board's order, which the Board denied. Claimant now petitions for review of the Board's order denying her benefits.

### B. Companion Proceedings

In order to understand Claimant's arguments in the present appeal, it is necessary to explain Claimant's claim for UC benefits from her subsequent employer. When Claimant quit her job with Employer, she apparently did so to begin working for a law firm on January 4, 2016. Claimant worked for the new employer from January 4, 2016 through January 7, 2016. The new employer and Claimant agreed that she was not a good fit for the job. Claimant filed for UC benefits, and the Board determined that Section 402(e) (relating to willful misconduct) did not disqualify Claimant from receiving UC benefits as a result of her subsequent employment (companion UC case).

In the present case, this Court denied the Board's motion to strike from Claimant's brief and reproduced record the Board's decision granting benefits in the companion UC case and authorized review of the Board's decision here "to whatever extent the panel deems it appropriate." Cmwlth. Ct. Order, 9/28/16.

---

[2] The Board noted its decision of ineligibility followed two prior decisions of eligibility. The Board found that a resulting overpayment was not the result of a misrepresentation or non-disclosure of a material fact. Therefore, it determined any resulting overpayment was non-recoupable under Section 804(b)(1)(iii)(A) of the Unemployment Compensation Law, 43 P.S. §874(b)(1)(iii)(A).

## II. Issues

On appeal,[3] Claimant contends the Board erred in denying her UC benefits. She asserts the necessitous and compelling reason for leaving her job with Employer was demonstrated by the testimony contained in her companion UC case. Pet'r's Br. at 10.

## III. Discussion

In UC cases, the Board is the ultimate fact-finder and is empowered to resolve all conflicts in evidence, witness credibility and weight accorded to the evidence. Ductmate Indus., Inc. v. Unemployment Comp. Bd. of Review, 949 A.2d 338 (Pa. Cmwlth. 2008).

Substantial evidence is such relevant evidence upon which a reasonable mind could base a conclusion. Umedman v. Unemployment Comp. Bd. of Review, 52 A.3d 558 (Pa. Cmwlth. 2012). "The fact that [a party] … might view the testimony differently than the Board is not grounds for reversal if substantial evidence supports the Board's findings." Tapco, Inc. v. Unemployment Comp. Bd. of Review, 650 A.2d 1106, 1108-09 (Pa. Cmwlth. 1994).

Under Section 402(b) of the Law, an employee is ineligible for UC benefits for any week in which her unemployment is due to voluntarily leaving her employment without cause of a necessitous and compelling nature. 43 P.S.

---

[3] Our review is limited to determining whether the necessary findings of fact were supported by substantial evidence, whether errors of law were committed, or whether constitutional rights were violated. Oliver v. Unemployment Comp. Bd. of Review, 5 A.3d 432 (Pa. Cmwlth. 2010) (en banc).

5

§802(b); Bell v. Unemployment Comp. Bd. of Review, 921 A.2d 23 (Pa. Cmwlth. 2007). A claimant who voluntarily quits her employment bears the burden of proving her termination was caused by reasons of a necessitous and compelling nature. Solar Innovations, Inc. v. Unemployment Comp. Bd. of Review, 38 A.3d 1051 (Pa. Cmwlth. 2012). The question of whether an employee had necessitous and compelling reason to quit is a question of law reviewable by this Court, Brunswick Hotel & Conference Ctr., LLC v. Unemployment Comp. Bd. of Review, 906 A.2d 657 (Pa. Cmwlth. 2006), and the answer is determined from the totality of the record. Bell.

The receipt and acceptance of a firm offer of other employment constitutes termination for cause of a necessitous and compelling nature. Solar Innovations. A firm offer of employment is one that specifies the conditions of employment, such as wages, hours, duties and a starting date. Baron v. Unemployment Comp. Bd. of Review, 384 A.2d 271 (Pa. Cmwlth. 1978). In order to be a firm offer, the offer of employment must be definite, and the claimant must act prudently with regard to her employer. Twp. of N. Huntingdon v. Unemployment Comp. Bd. of Review, 450 A.2d 768 (Pa. Cmwlth. 1982).

Claimant argues she voluntarily quit because of a firm job offer with the new employer. Claimant concedes the record in the current case lacks competent evidence of a firm offer of employment. Br. of Pet'r at 8-9. However, the evidence in the companion case establishes a firm offer of employment, and the decision in that case should be given effect here.

6

The Board argues that using findings of fact from a different case involving the Claimant would violate this Employer's rights to due process. That is because Employer here was not given notice of or an opportunity to be heard in the companion matter, which involved Claimant's subsequent employer only. Similarly, the Board argues that the determination in the companion case does not have preclusive effect under legal theories of law of the case and res judicata because both theories require that the parties be the same in both proceedings.

We reject Claimant's attempts to incorporate the entire record in the companion UC case into this case to cure any deficiencies in the record in this appeal. Because Claimant failed to appear at the referee hearing here, she offered no evidence, including the record in her companion UC case, in support of her claim for benefits. The law is well-settled that matters not appearing in the record may not be considered by the appellate court on appeal. B.K. v. Dep't of Pub. Welfare, 36 A.3d 649, 657 (Pa. Cmwlth. 2012) ("For purposes of appellate review, that which is not part of the certified record does not exist….' [I]t is the responsibility of the appellant to supply this Court with a complete record for purposes of review. The failure by an appellant to insure that the original record certified for appeal contains sufficient information to conduct a proper review constitutes waiver of the issue(s) sought to be examined.'") (citation omitted); DeLong v. Unemployment Comp. Bd. of Review (Pa. Cmwlth., No. 1966 C.D. 2012, filed May 23, 2014) (Covey, J.), 2014 WL 2160735 (unreported).

Moreover, Employer was not a party to Claimant's companion UC case. It did not receive notice of the companion UC proceeding and, therefore, it

7

had no opportunity to be heard on the facts of that case and challenge the basis for Claimant's separation from the new employer and how that may impact the current case. In an administrative hearing, the essential elements of due process are notice and an opportunity to be heard. Grouch v. Unemployment Comp. Bd. of Review, 472 A.2d 286 (Pa. Cmwlth. 1984). Employer lacked notice, lacked an opportunity to be heard, and had no reason to know the facts surrounding Claimant's discharge from her subsequent employer. Therefore, it would be unfair to Employer to permit consideration of the facts in Claimant's companion case.

In addition, res judicata does not apply to this appeal. Among other elements, identity of parties is required for the application of res judicata. Sariano v. Unemployment Comp. Bd. of Review, 487 A.2d 1064 (Pa. Cmwlth. 1985). There is no identity of parties between the current appeal and the companion case, because the employers are different.

Further, the law of the case doctrine does not aid Claimant's cause here. Under that doctrine, issues decided by an appellate court on a prior appeal between the same parties become the law of the case and will not be reconsidered on a second appeal. Commonwealth v. Tick, Inc., 246 A.2d 424 (Pa. 1968). Here, however, the parties are not the same, as discussed above.

For all these reasons, we affirm.

_____
ROBERT SIMPSON, Judge

8

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Lisa J. Cleary,                                :
                    Petitioner             :
                                               :
        v.                                     :    No. 795 C.D. 2016
                                               :
Unemployment Compensation        :
Board of Review,                           :
                    Respondent          :

## O R D E R

**AND NOW**, this 17th day of May, 2017, the order of the Unemployment Compensation Board of Review is **AFFIRMED**.

 

 

ROBERT SIMPSON, Judge

Lisa J. Cleary,                    :
             Petitioner      :
                             :
           v.                 :
                             :
Unemployment Compensation  :
Board of Review,            :   No. 795 C.D. 2016
             Respondent   :   Submitted: November 18, 2016


BEFORE:   HONORABLE ROBERT SIMPSON, Judge
                 HONORABLE JULIA K. HEARTHWAY, Judge
                 HONORABLE JOSEPH M. COSGROVE, Judge


OPINION NOT REPORTED

DISSENTING OPINION
BY JUDGE COSGROVE                FILED: May 17, 2017


       As I believe Lisa J. Cleary (Claimant) satisfied all that was required of her in proving that her reasons for leaving employment were "necessitous and compelling," i.e., that she had a firm offer of employment, I must dissent. Although Claimant did not appear before the referee, the record of her claim and the reasons for her leaving Bloomsburg Carpet Industries, Inc. (Employer) were provided to Employer before the referee's hearing. (Reproduced Record (R.R.) at 20a-23a.) This included recognition that her subsequent employment ended rather quickly and for reasons which would likely not preclude a second claim. *Id.* at 22a. As such, there was no lack of notice to Employer of the circumstances surrounding Claimant's position and thus no due process violation.

Given the relaxed atmosphere which is supposed to mark the proceedings below, the evidentiary requirements imposed on Claimant were met. As the referee was correct in finding for Claimant, I would reverse the Board's contrary decision.


_____
JOSEPH M. COSGROVE, Judge