# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Morgayne Cumberledge,           :
                    Petitioner  :
                                :
        v.                      :    No.  212 C.D. 2020
                                :    Submitted:  February 8, 2021
Unemployment Compensation       :
Board of Review,                :
                    Respondent  :


BEFORE:     HONORABLE RENÉE COHN JUBELIRER, Judge
            HONORABLE MICHAEL H. WOJCIK, Judge
            HONORABLE J. ANDREW CROMPTON, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE CROMPTON                    FILED:  March 2, 2021


Morgayne Cumberledge (Claimant) petitions for review of a January 3, 2020 Order of the Unemployment Compensation Board of Review (the Board). Claimant asserts that the Board erred in affirming the decision of the Unemployment Compensation Referee (Referee), denying Claimant benefits under Section 402(b) of the Unemployment Compensation Law (Law).[1]  Claimant argues that she had a necessitous and compelling reason to leave her position with PNC Bank (Employer), specifically alleging verbal and physical violence by her superior.  The Board contends that while Claimant may have experienced an uncomfortable work

---

[1] Section 402(b), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(b).

environment, it was not intolerable to the extent of qualifying as a necessitous and compelling reason to quit. Upon consideration, we affirm the Board's Order.

## I. Background

Claimant worked as a branch sales and service representative and a teller for Employer from November 2018 through August 2, 2019. Referee Decision/Order, 11/14/2019, Finding of Fact (F.F.) No. 1. During this time, Claimant worked 40 hours per week at a pay rate of $15 per hour, and her work involved customer assistance for new account openings, investment referrals, and other general tasks. *Id.*; Claimant's Br. at 9. In February 2019, Claimant began working in her bank teller role and reported to Christine Strauss, the Teller Lead. F.F. No. 3; Claimant's Br. at 9.

On August 2, 2019, Claimant voluntarily left her employment with Employer, alleging harassment by her manager, Ms. Strauss. Certified Record (C.R.) at Item No. 2. Claimant applied for Unemployment Compensation (UC) benefits on September 22, 2019, and she was deemed ineligible for benefits by the Scranton UC Service Center on October 10, 2019. *Id.* at Item Nos. 2, 9. Claimant appealed the determination to the Referee on October 19, 2019, and a hearing was held on November 8, 2019. *Id.* at Item Nos. 10, 12.

Before the Referee, Claimant alleged that Ms. Strauss "spoke in a demeaning manner to [her], yelled in her face and made comments to her such as [']you don't get paid to wash your hands or go to the bathroom.[']" F.F. No. 3. Claimant complained to several managers as well as employee relations regarding Ms. Strauss's behavior. F.F. Nos. 3-4. However, Claimant's concerns were never addressed. F.F. No. 6. Additionally, Ms. Strauss attempted to prevent Claimant from talking to any manager, including in situations related to Claimant's work, *e.g.*,

2

manager approval for a customer's transfer of funds. F.F. No. 7. Further, "[i]f [Claimant] wished to speak to a manager, [Ms. Strauss] would follow [Claimant] and ask[] what she was talking about" or "yell towards the area where [Claimant] was and state[,] ['W]e need [Claimant] over here[.']" F.F. No. 8. Claimant requested to be transferred to alternative supervision but was told that she had not worked long enough in her bank teller role to be eligible for such a transfer. *See* F.F. No. 9.

On November 14, 2019, the Referee affirmed the determination of the Scranton UC Service Center finding Claimant ineligible for UC Benefits. C.R. at Item No. 14. In her decision, the Referee stated that in regard to Section 402(b) of the Law:

> The Pennsylvania Courts have consistently held that a personality conflict with supervisors or co-workers or resentment of supervisory criticism is not necessitous and compelling cause to quit, unless the claimant has proven that the conflict rendered the employment situation intolerable and the employee has made a good faith effort to alleviate the problem and maintain employment.
>
> In cases involving a voluntary separation from employment, the burden is on the claimant to prove necessitous and compelling reason for quitting.

C.R., Item No. 14, at 2. The Referee concluded that Claimant had a "disagreeable supervisor" and that Claimant "quit because of a personality conflict" and "the fact that she did not get along with the supervisor." *Id.* Therefore, in the Referee's view, Claimant did not meet her burden of proving that she left her job for necessitous and compelling reasons under Section 402(b) of the Law. *Id.*

Claimant appealed the Referee's decision to the Board on November 26, 2019. *Id.*, Item No. 15. In an Order dated January 3, 2020, the Board affirmed

the Referee's decision finding Claimant ineligible for UC benefits under Section 402(b) of the Law. The Board explained in its Order:

> Harassment, abusive conduct–such as name calling, profane language, racial discrimination, and unjustified public ridicule–or unjust accusations of criminal conduct or dishonesty, without an opportunity to respond, creates a hostile work environment that is a necessitous and compelling reason to quit, if the employee advised the employer of the conduct and provided the employer a reasonable opportunity to remedy the situation. However, personality conflicts and reprimands, criticism, or good faith allegations regarding work-related issues–including yelling, if done privately–may create an uncomfortable work environment, but not an intolerable one that is a necessitous and compelling reason to quit, regardless of how much the employee complains. [Claimant's] accusations fall more into this latter category.

*Id.*, Item No. 16 at 1. Claimant now petitions this Court for review of the Board's Order.[2]

## II.    Discussion

Claimant argues that the Board erred in affirming the decision of the Referee finding her ineligible for UC Benefits under Section 402(b) of the Law. Claimant asserts that she had a necessitous and compelling reason to leave her employment, specifically physical aggression by Ms. Strauss, her supervisor.[3]

---

[2] Our review is limited to discerning whether substantial evidence supports the Board's findings, whether the Board committed an error of law, or whether constitutional rights were violated. *Klampfer v. Unemployment Comp. Bd. of Rev.*, 182 A.3d 495 (Pa. Cmwlth. 2018).

[3] In her brief filed with this Court, Claimant details the alleged physical aggression exhibited by her supervisor, stating that Ms. Strauss "'grabb[ed her] by the arm and [was] dragging her around . . . slapping her under the chin, and . . . shaking [her] while yelling at her.'" Claimant's Br. at 9. As noted by the Board in its brief, the record contains no support for Claimant's allegations that she was grabbed, dragged, or shaken. Bd.'s Br. at 5. The Board also highlights in its brief that the issue of whether Claimant's supervisor "slapp[ed] her under the chin" is not conclusively supported by record evidence. In Claimant's initial application for UC benefits she described her supervisor's behavior as:

4

Claimant further contends that it is unreasonable and inappropriate to consider Claimant's experiences to be a result of a personality difference.

"Section 402(b) [of the Law] provides that a claimant shall be ineligible for benefits for a period '[i]n which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature.'" *Solar Innovations, Inc. v. Unemployment Comp. Bd. of Rev.*, 38 A.3d 1051, 1056 (Pa. Cmwlth. 2012) (quoting Section 402(b) of the Law, 43 P.S. §802(b)). To show a necessitous and compelling reason to quit, a claimant must show that "(1) circumstances existed which produced real and substantial pressure to terminate employment; (2) such circumstances would compel a reasonable person to act in the same manner; (3) the claimant acted with ordinary common sense; and (4) the claimant made a reasonable effort to preserve her employment." *Id.*

The "abusive conduct" that can constitute a necessitous and compelling reason to quit may include name-calling and being "subject to criticism and ridicule from [a superior] that was uncalled for and incorrect." *Ann Kearney Astolfi, DMD, PC v. Unemployment Comp. Bd. of Rev.*, 995 A.2d 1286, 1290 (Pa. Cmwlth. 2010); *First Fed. Sav. Bank v. Unemployment Comp. Bd. of Rev.*, 957 A.2d 811, 817 (Pa.

---

"SUPERVISOR TOUCHED ME"; "I WAS INAPPROPRIATELY TOUCHED BY MY DIRECT SUPERVISOR". . . .
"THE REASON BEHIND ME LEAVING IS BASED SOLELY ON BEING TOUCHED INAPPROPRIATELY AT WORK."

C.R., Item No. 2, at 3, 5 (emphasis in original). Further, on appeal before the Referee, Claimant did not assert a "slap," instead stating: "[The lead would] even go as far as touching me!"; "I was inappropriately touched at work"; "being touched on my face." *Id.* at Item No. 10, at 5.
"[B]ecause mere allegations are no substitute for record evidence, this Court cannot consider the averments of fact in Claimant's brief when determining whether the Board erred in issuing its findings." *Hollingsworth v. Unemployment Comp. Bd. of Rev.*, 189 A.3d 1109, 1113 (Pa. Cmwlth. 2018). Therefore, this Court relies on Claimant's allegations against her supervisor only as detailed in the record.

Cmwlth. 2008). However, merely being reprimanded is not a necessitous and compelling reason to leave work. *Krieger v. Unemployment Comp. Bd. of Rev.*, 415 A.2d 160, 161 (Pa. Cmwlth. 1980). A superior's criticism of an employee's work performance or allegation regarding another issue of legitimate concern to the superior, even if untrue, does not create a necessitous and compelling reason to quit unless delivered in an objectionable manner. *Lauffer v. Unemployment Comp. Bd. of Rev.*, 434 A.2d 249, 251 (Pa. Cmwlth. 1981). Further, as noted by the Board in its Order, being yelled at in private over a work-related issue creates a "work environment [that is] uncomfortable, but not intolerable" or a necessitous and compelling reason to quit. *Ann Kearney Astolfi*, 995 A.2d at 1290.

In her application for UC benefits, Claimant described leaving her employment for "personal reasons" and because "a supervisor touched me and targeted me on numerous occasions and harassment." C.R., Item No. 2, at 3. Under an "additional information" prompt, Claimant provided the following: "The reason behind me leaving is based solely on being touched inappropriately at work and being targeted, resulting in a negative work environment." *Id.* Further, Claimant explained that she had "reported this to [two] managers and to human resources and nothing was done." *Id.*

In Employer's Questionnaire, dated October 7, 2019, Employer responded that:

> Claimant stated [that Ms. Strauss] used a finger [and] touched under [Claimant's] chin when providing [C]laimant coaching. [An] [i]nvestigation [was] completed and appropriate action was taken to address this issue with [Ms. Strauss]. [The] [i]nvestigation concluded no evidence of verbal harassment towards [Claimant].

6

C.R., Item No. 5, at 3. While Employer acknowledged that Claimant notified management about issues with her supervisor, based on Employer's investigation, the employment environment was not deemed to be "intolerable." *Ann Kearney Astolfi*, 995 A.2d at 1290. Further, while the record indicates that Claimant engaged in an effort to notify Employer about the alleged harassment, it does not support Claimant's assertion that she experienced "physical violence" as a result of her employment. *See* Claimant's Br. at 11.

The Board affirmed the Order of the Referee based on the nature of Claimant's specific grievances. The Board determined that Claimant's issues with her supervisor amounted to work-related reprimands. While Claimant testified before the Referee that "[Ms. Strauss] would yell in my face and get so close to me, that I would feel the spit from her mouth on my face," the context of these interactions is critical to whether Claimant's quit was "compelling" or "necessitous." C.R., Item No. 13, at 4. Claimant described that when she left her workstation to seek the assistance of a manager, Ms. Strauss would inquire what Claimant was doing and escort her back to her workstation. *Id*. at 6. Alternatively, Ms. Strauss would "yell across the branch" to indicate that Claimant was needed back at her own workstation. *Id.* Similarly, Ms. Strauss privately reprimanded Claimant after leaving her workstation for periods of time to use the restroom or wash her hands. *Id.* The alleged incidents all involve situations in which Claimant left her workstation unattended, an action that, presumably, was not desirable within a customer service context.

"'Whether a claimant had cause of a necessitous and compelling nature to quit a job is a conclusion of law subject to review by this Court.'" *Solar Innovations, Inc.*, 38 A.3d at 1056 (quoting *Warwick v. Unemployment Comp. Bd.*

7

*of Rev.*, 700 A.2d 594, 596 (Pa. Cmwlth. 1997)). "'The employee seeking unemployment compensation benefits has the burden of proving the existence of a cause of a necessitous and compelling nature.'" *Id.* (quoting *Twp. of N. Huntington v. Unemployment Comp. Bd. of Rev.*, 450 A.2d 768, 769 (Pa. Cmwlth. 1982)). In the instant case, the Board incorporated the Referee's findings and conclusions and determined that Claimant's accusations were more emblematic of an uncomfortable, yet not an intolerable, work environment. C.R., Item No. 16, at 1. Therefore, while "personality conflicts and reprimands, criticism, or good faith allegations regarding work-related issues–including yelling, if done privately–may create an uncomfortable work environment," as in the case presently before this Court, this does not rise to the level of a "necessitous" or "compelling" reason to quit employment. *Id.* The Board did not err in affirming the Referee, determining that while Claimant reported her concerns to Employer, she did not meet her burden of proof and is ineligible for UC benefits under Section 402(b) of the Law.

### III.  Conclusion

For the foregoing reasons, we affirm the Board's Order.

_____
J. ANDREW CROMPTON, Judge

8

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Morgayne Cumberledge,     :
       Petitioner  :
            :
   v.        :  No. 212 C.D. 2020
            :
Unemployment Compensation  :
Board of Review,      :
       Respondent :

# **O R D E R**

   **AND NOW**, this 2nd day of March 2021, we **AFFIRM** the January 3, 2020 Order of the Unemployment Compensation Board of Review.


            _____
            J. ANDREW CROMPTON, Judge