IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Jodi M. Scheib, | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 39 C.D. 2024 |
| | : | |
| Unemployment Compensation | : | Submitted: December 9, 2024 |
| Board of Review, | : | |
| Respondent | : | |

BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
HONORABLE MATTHEW S. WOLF, Judge
HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION
BY JUDGE McCULLOUGH                         FILED: January 8, 2025

Jodi M. Scheib (Claimant), proceeding *pro se*, petitions for review of the January 17, 2024 decision and order of the Unemployment Compensation Board of Review (Board), which affirmed the Referee's decision denying Claimant unemployment compensation (UC) benefits under Section 402(b) of the Unemployment Compensation Law (Law).[1]  The issue before this Court is whether Claimant voluntarily quit her employment with Weis Markets, Inc. (Employer) for a necessitous and compelling reason.  Both the Referee and Board concluded that she did not.  Upon review, we affirm.

## I.      FACTS AND PROCEDURAL HISTORY

Claimant was employed as a front-end sales associate with Employer for approximately three days, from August 27, 2022, to August 30, 2022.  Claimant earned $11.00 per hour working 20 to 25 hours per week, although she did not complete a full

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(b) (relating to voluntary separation without cause of a necessitous and compelling nature).

week of work.  The store where Claimant worked was approximately one hour by car from her home.

On August 31, 2022, Claimant received an employment offer from Dollar General Corporation (Dollar General) that was conditioned on Claimant's successful completion of a background check and drug testing.[2]  Claimant called off work at Employer on August 31, 2022, and September 1 and September 3, 2022.  On September 4, 5, and 6, 2022, Claimant neither called Employer nor showed up for work.  Employer's assistant store manager left Claimant a telephone message on September 6, 2022, but Claimant again did not show up for work on September 7, 2022.  Employer again left a telephone message for Claimant on September 8, 2022, and followed up by certified letter advising that if Claimant did not return to work, her employment would be terminated on September 10, 2022.  Claimant made no contact with Employer after September 3, 2022, and her employment was terminated on September 10, 2022.  She began work for Dollar General on September 14, 2022, approximately two weeks after first receiving an employment offer.

Claimant applied for UC benefits on October 3, 2022.  On November 21, 2022, a UC Service Center determined that Claimant was ineligible for benefits because Claimant did not have a definite offer of employment from Dollar General prior to her last day of work with Employer, August 30, 2022.  She therefore did not have a necessitous and compelling reason for quitting.  (C.R. at CR016.)  Claimant appealed, and a Referee held a telephone hearing on December 20, 2022.  In a decision issued the same day, the Referee agreed with the UC Service Center and concluded that Claimant did not have a bona fide, firm offer of employment when she stopped reporting to work for Employer after August 30, 2022.  Claimant appealed to the Board,

_____

[2] Claimant testified that the Dollar General store where she anticipated working was much closer to her home than the Weis Market.  (Certified Record (C.R.) at CR054.)

2

which affirmed by decision and order mailed July 13, 2023. Claimant requested reconsideration, which the Board granted on July 17, 2023.[3] The Board vacated its July 13, 2023 decision and order and reviewed the evidence *de novo*. On January 17, 2024, the Board issued a new decision that again affirmed the Referee.

Claimant now petitions for review in this Court.

## II.    ISSUES

Claimant raises two issues for our review. She first argues that the Referee and Board erred in concluding that she did not have a firm offer of employment from Dollar General when she left her employment at Employer as of August 30, 2022. She secondly argues that the Referee did not take adequate time to consider the evidence before rendering his decision on December 20, 2022. We address each issue in turn.[4]

---

[3] In its first decision affirming the Referee, the Board concluded that Claimant did not have a bona fide offer of employment at the time she quit her job with Employer and accepted employment with Dollar General with lower pay and fewer hours. (C.R. at CR079.) The Board further concluded that Claimant did not establish that, in leaving her job with Employer, she acted with ordinary common sense or made a reasonable effort to preserve her employment. *Id.* at CR080. In its subsequent decision after granting reconsideration, the Board indicated that it previously "erred in denying benefits on the basis that the new job was for fewer hours and a lower rate of pay," which it determined were not relevant considerations. *Id.* at CR116.

[4] Our review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether the necessary factual findings are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C.S. § 704; *Devine v. Unemployment Compensation Board of Review*, 101 A.3d 1235, 1237 (Pa. Cmwlth. 2014). The Board is the ultimate factfinder and is, therefore, entitled to make its own determinations as to witness credibility and evidentiary weight. *Peak v. Unemployment Compensation Board of Review*, 501 A.2d 1383, 1386 (Pa. 1985). Thus, in the face of conflicting evidence, the Board exercises its discretion to resolve evidentiary conflicts, and its credibility determinations "are not subject to re-evaluation on judicial review." *Id.* at 1388. We review the evidence in the light most favorable to the prevailing party before the Board, here, Employer, and give it the benefit of all reasonable inferences to be drawn from the evidence. *Johnson v. Unemployment Compensation Board of Review*, 502 A.2d 738, 740 (Pa. 1986).

### III.   DISCUSSION

### A.   Necessitous and Compelling Reason to Quit

"Whether a claimant had cause of a necessitous and compelling nature to quit a job is a conclusion of law subject to review by this Court." *Warwick v. Unemployment Compensation Board of Review*, 700 A.2d 594, 596 (Pa. Cmwlth. 1997). "A claimant who voluntarily terminates his employment has the burden of proving that a necessitous and compelling cause existed." *Solar Innovations, Inc. v. Unemployment Compensation Board of Review*, 38 A.3d 1051, 1056 (Pa. Cmwlth. 2012). More specifically,

> [a] claimant who voluntarily quits his employment bears the burden of proving that necessitous and compelling reasons motivated that decision. In order to establish cause of a necessitous and compelling nature, a claimant must establish that (1) circumstances existed that produced real and substantial pressure to terminate employment, (2) like circumstances would compel a reasonable person to act in the same manner, (3) the claimant acted with ordinary common sense, and (4) the claimant made a reasonable effort to preserve her employment.

*Middletown Township v. Unemployment Compensation Board of Review*, 40 A.3d 217, 227-28 (Pa. Cmwlth. 2012) (citations omitted).

The receipt and acceptance of a "firm offer" of employment constitutes cause of a necessitous and compelling nature. *Id.* A "firm offer" of employment is one that contains the specific conditions of employment, such as wages, hours, duties, and a starting date. *Baron v. Unemployment Compensation Board of Review*, 384 A.2d 271, 272 (Pa. Cmwlth. 1978). "The offer of employment, however, must be definite, and the claimant must act prudently with regard to his employer." *Township of North Huntingdon v. Unemployment Compensation Board of Review*, 450 A.2d 768, 769 (Pa. Cmwlth. 1982) (footnotes omitted). Although "the receipt and acceptance of a firm

4

offer of employment does constitute termination for cause of a necessitous and compelling nature . . . [t]he mere possibility of obtaining another job is insufficient to establish that employment was terminated for good cause." *Solar Innovations*, 38 A.3d at 1056-57. In determining whether a claimant had a firm offer of work justifying a voluntary quit, the operative date is the date the claimant resigns and not the claimant's last day of work. *See Township of North Huntingdon*, 450 A.2d at 770.

Regarding whether Claimant's offer of employment from Dollar General constituted a "necessitous and compelling reason" to quit her job with Employer, the Board reasoned:

> Cause of a necessitous and compelling nature [is established by showing]: (1) circumstances [that] existed which produced real and substantial pressure to terminate employment; (2) such circumstances would compel a reasonable person to act in the same manner; (3) the claimant acted with ordinary common sense; and (4) the claimant made a reasonable effort to preserve his employment.

> A firm offer of other employment is good cause for quitting and can constitute a necessary and compelling reason. A firm offer of employment is one that specifies the conditions of employment, such as wages, hours, duties and starting date. The mere possibility of work is not good cause for quitting. . . .

> [W]here a job offer is conditional, it is not a firm offer. In determining whether [ ] [C]laimant had a firm offer of work justifying her voluntary quit, the operative date is the date [ ] [C]laimant resign[ed], not [ ] [C]laimant's last day of work.

> In this case, [ ] [C]laimant never actually resigned her employment with [Employer]. Rather, she stopped reporting to work. The record reflects [that C]laimant called off from work on August 31, 2022, September 1, 2022, and September 3, 2022. She was a no-call, no-show on September 4, 5, 6 and 7, 2022, and never responded to [ ] [E]mployer's messages. Thus, [ ] [E]mployer terminated [ ]

5

[C]laimant on September 10, 2022. Moreover, because the job offer with Dollar General was contingent upon [ ] [C]laimant passing a background and drug test, it was a conditional offer of employment[,] not a firm job offer.

Based on the foregoing, [ ] [C]laimant did not meet her burden of proof that she had a necessitous and compelling reason to resign from her employment under Section 402(b) of the Law.

(C.R. at CR116-17.)

Claimant does not dispute the timeline of events leading up to and following August 30, 2022, her last day of work with Employer; nor does she dispute that she received an offer of employment from Dollar General that was contingent upon her successful completion of several pre-employment requirements, including drug testing and a background check. *See* Claimant's Br. at 7 ("The only reason my first day of employment with Dollar General [ ] was not until September 14, 2022, was because I needed to complete all the pre-employment requirements, [*i.e.*,] a background check and a drug screen before starting employment . . . ."). Instead, Claimant argues that the Board erred in characterizing her offer of employment with Dollar General as contingent and indefinite. She contends to the contrary that it was a definite, firm offer that constituted a necessitous and compelling reason to quit her employment with Employer as of August 30, 2022. We disagree for several reasons.

First, it is undisputed that Claimant's offer of employment with Dollar General was, as of August 30, 2022,[5] contingent on several factors, including testing. Although Claimant testified that she was aware of the pay rate and hours she would

---

[5] We utilize this date because this was Claimant's last day of work; Claimant never actually resigned from her employment. Nevertheless, even if we utilized September 4, 2022, the date of Claimant's first (of several) "no call, no show" workdays, the result would be the same. There is no evidence in the record that Claimant completed the necessary testing with Dollar General and received a firm offer with a definite start date as of September 4, 2022.

work, she did not testify that she was offered a definite start date.[6]  She also clearly had not successfully completed the background check and drug testing as of August 30, 2022, because she testified that she did not receive the initial offer from Dollar General until August 31, 2022, the first day she called off work.  Although Claimant testified that she began working for Dollar General on September 14, 2022, she did not establish in the record when she completed the necessary testing.  Given these contingencies, we cannot conclude that the Board erred in determining that Claimant's job offer was less than "firm" and, accordingly, not a necessitous and compelling reason for quitting work with Employer.  *See Breslow v. Unemployment Compensation Board of Review*, 517 A.2d 590, 593 (Pa. Cmwlth. 1986) (claimant with a job offer conditioned on successful completion of an aptitude test did not have a firm offer constituting a necessitous and compelling reason to quit employment).

Second, even if Claimant's job offer with Dollar General could be construed as "firm," Claimant nevertheless did not establish that she acted with "ordinary common sense," made a "reasonable effort" to preserve her employment, or acted with "prudence with regard to Employer."  *Middletown Township*, 40 A.3d at 227-28; *Township of North Huntingdon*, 450 A.2d at 769.[7]  Instead, and as found by the Board, Claimant called off work for three days following her receipt of the initial offer with Dollar General and then stopped showing up for work altogether with no

_____

[6] In her Accept Work Questionnaire, Claimant indicated that she did not have a definite start date with Dollar General when she quit reporting to work at Employer.  (C.R. at CR012.)

[7] Although the Board did not state these express grounds in support of its order denying benefits, it nevertheless discussed in its reasoning that Claimant never actually resigned from her job with Employer, stopped showing up for work, and stopped communicating altogether after September 3, 2022.  (C.R. at CR116-17.)  The Board also expressly relied on these grounds to deny benefits in its first decision issued July 13, 2022, and did not later indicate that it had erred in doing so.  *Id.* at CR079-80, CR 116.  In any event, this Court may affirm on a rationale different than that utilized by the Board.  *Medina v. Harrisburg School District*, 273 A.3d 33, 35 n.1 (Pa. Cmwlth. 2022).

notice to Employer and without responding to Employer's repeated inquiries regarding her intentions and whereabouts. When asked whether she *could have* continued to work at Employer after receiving the initial offer of employment from Dollar General, Claimant indicated that she could have, but decided not to since she intended to go to work for Dollar General. (C.R. at CR056.) The Board's findings regarding Claimant's actions after she stopped reporting to work are uncontested and supported by substantial evidence in the record, and we conclude that they indicate as a matter of law that Claimant did not act prudently regarding, nor make reasonable efforts to preserve, her employment with Employer. The Board's denial of benefits thus was proper on this additional ground.

## B. Referee's Decision

Claimant secondly argues that the Referee rendered his decision on Claimant's appeal too quickly and without adequately considering the evidence. We need not address this issue for at least two reasons. First, the rapidity with which a Referee decides an appeal after receiving testimony is not a question within the scope of our review of a Board determination, chiefly because Claimant has not argued that the timing of the Referee's decision constituted a deprivation of constitutional due process. Second, and relatedly, the Board is the ultimate finder of fact in UC appeals and makes its own independent findings and conclusions based on a comprehensive review of the record created before the Referee and supplemented by any additional evidence the Board might receive. *See* Section 504 of the Law, 43 P.S. § 804; *Peak*, 501 A.2d at 1386; *Ductmate Industries, Inc. v. Unemployment Compensation Board of Review*, 949 A.2d 338, 342 (Pa. Cmwlth. 2008). The Board here on two occasions reviewed the record in its entirety and made its own findings and conclusions. Any

8

issue regarding the swiftness of the Referee's decision therefore was remedied by the Board's own independent review. This issue merits no relief.

## IV. CONCLUSION

Because we discern no error in the Board's determination, which is supported by substantial evidence in the record, we affirm.

_____
PATRICIA A. McCULLOUGH, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jodi M. Scheib,                                    :
               Petitioner            :
                                         :
          v.                                    :   No. 39 C.D. 2024
                                         :
Unemployment Compensation          :
Board of Review,                                 :
               Respondent          :

## *ORDER*

AND NOW, this 8th day of January, 2025, the January 17, 2024 order of the Unemployment Compensation Board of Review is hereby AFFIRMED.

 

_____
PATRICIA A. McCULLOUGH, Judge